No. 7239.

Busch et al. *v.* The Columbia City German Building, Loan and Savings Association No. 2.

PROMISSORY NOTE. —*Contract.* — *Reference to Conditions in Other Writings.*—*Pleading.*—*Complaint.*—*Copy.*—A complaint upon a promissory note or other written obligation, "payable according to the conditions" in other written instruments, forming a part of the contract, must set out not only a copy of the note or obligation sued on, but also copies of the instruments referred to.

From the Whitley Circuit Court.

*W. Olds*, for appellants.

*C. B. Tulley* and *J. Krider*, for appellee.

NIBLACK, J.—This was a suit by the Columbia City German Building, Loan and Savings Association No. 2 against Frederick Busch, Joseph Kichler and Philip Anthes, upon a note or written obligation, as follows :

"For value received, — promise to pay to the Columbia City German Building, Loan and Savings Association No. 2, of Columbia City, Indiana, the sum of two hundred dollars, with interest at six (6) per cent. per annum, payable

monthly, without any relief from valuation or appraisement laws. This note is payable according to the conditions in the mortgage securing the same, and the constitution, by-laws and regulations of said association.

"This obligation is given for money loaned under the constitution, by-laws and regulations of said association; and in case the said monthly interest, or any dues, fines or assessments, or any part thereof, shall remain unpaid for six months after the same become due, then and in such case this obligation shall thereupon immediately become due and collectible ; but in case said interest and said dues, fines or assessments shall all have been paid as aforesaid, then the principal of this obligation shall become due on the 13th day of April, in the year 1881, or when the value of the assets of said association shall be sufficient to divide to each share of said stock the sum of two hundred dollars or its equivalent, and the said principal shall then be paid by applying a sufficient amount of the stock owned by the undersigned to the payment of said principal, and thereupon the undersigned shall cease to have any interest in the stock so applied, and the same shall be cancelled. Said obligator to keep the building on said premises insured in a good insurance company, in such sum as the directors may require, and the loss, if any, under such policy, to be made payable to said association, as collateral security hereto. And the mortgagors expressly agree to pay the sum of money above secured, without any relief from valuation or appraisement laws, and to pay the sum of ten per cent. on the above stated amount for attorney's fees and expenses in collecting said money, or any part thereof, if not paid at maturity or on demand. This obligation is given upon the further condition, that, if at any time the directors shall deem the security unsafe or insufficient, they may require additional security, and, if not given within the time granted, the whole

amount of said principal and interest shall become due and collectible. This note is not transferable.

[Signed]    ''FREDERICK BUSCH,

''JOSEPH KICHLER,

''PH. ANTHES.''

The complaint averred that this obligation was executed on the 11th day of August, 1873, and, after setting out the substance of the obligation, concluded as follows: ''And the plaintiff avers that said defendants did not pay the interest due on said note for more than six months last past; that there is due as such interest on the same the sum of nine dollars, and that said defendants did not pay the dues, fines and assessments on the same according to the tenor of said obligation, or according to the conditions of the constitution, by-laws and regulations of said corporation, the plaintiff herein; that there is due and unpaid on said note in dues, fines and assessments the sum of twenty dollars; that this suit is brought to collect said note and money thereon due, and that a reasonable fee for the same would be twenty dollars, which is due and unpaid in whole or in part, a copy of which note or writing obligatory is filed herewith, marked exhibit 'A,' and made a part hereof; that there is due and unpaid plaintiff on the same, in principal, the sum of two hundred dollars, and the sum of nine dollars interest, and the sum of twenty dollars fines, dues and assessments, and the sum of twenty dollars attorney's fees; in all the sum of two hundred and fifty dollars,'' for which judgment was demanded.

Copies of the constitution, by-laws and regulations of the association were not filed with the complaint. Neither was any mortgage, or copy of a mortgage, filed with it; nor were any of those documents copied into the complaint, or otherwise referred to by it, except as above set forth.

A demurrer to the complaint, for want of sufficient facts,

was overruled. Issue being joined there was a verdict and judgment for the plaintiff.

The first question presented to us is that of the sufficiency of the complaint.

It is insisted that, as the note was, by its terms, made payable according to the conditions of the mortgage given to secure it, and of the constitution, by-laws and regulations of the association, the conditions of the mortgage, as well as of the constitution, by-laws and regulations thus referred to, became a part of the note, and copies of them ought also to have been filed; that the copy of the note or obligation was, on its face, defective, for not being accompanied by such copies, and that, for this reason, the complaint was bad upon demurrer.

We think the objection to the complaint is well taken, and that the demurrer to it ought to have been sustained.

The conditions of the mortgage, as well as of the constitution, by-laws and regulations of the association, were referred to by the written obligation in such a way as to constitute them stipulations, which the appellants were required to perform, and, hence, to make them parts of the obligation in all essential respects. Those conditions, having thus become parts of the obligation, it was as necessary that they should be brought into, and made a part of, the complaint, as that any other portions of the obligation should be. Without those conditions the court was unable to give either a full or an intelligent construction to the real contract between the parties. The alleged copy of the obligation filed with the complaint, unaccompanied, as it was, by those conditions, was palpably an incomplete copy of the entire instrument, and this was apparent from the face of the paper so purporting to be filed as a copy. In legal contemplation, therefore, it can not be said that a copy of the obligation entered into by the appellants was filed with the complaint. For this reason, the complaint must be held to

have been radically defective. The conclusion we have reached is fully sustained by the case of *Titlow* v. *Hubbard*, 63 Ind. 6, and for want of a sufficient complaint, the judgment will have to be reversed.

The judgment is reversed, with costs, and the cause remanded for further proceedings.