Baldwin *et al. v.* Fagan.

No. 8453.

BALDWIN ET AL. *v.* FAGAN.

PROMISSORY NOTE.—*Negotiable by Law Merchant.—Endorsee and Maker.—Fraud.—Answer.—Complaint to Cancel.—Burden of Proof.*—In an action by an endorsee against the maker of a negotiable note, a cross complaint to cancel the note because obtained of an illiterate man by a false reading and misrepresentation of the character of the instrument, is good, and puts upon the holder the burden of showing himself to be a purchaser in good faith.

SAME.—*Possession.—Consideration.—Presumption.—Evidence.*—A promissory note imports a valuable consideration, and possession is presumptive evidence of property rightfully acquired; but upon a showing that the note, though negotiable by the law merchant, was obtained of the maker and put into circulation by force or fraud, these intendments of law are rebutted and proof becomes necessary.

CROSS COMPLAINT.—The sufficiency of a cross complaint on demurrer must be determined by its own averments without reference to the complaint.

From the Clay Circuit Court.

*W. M. Ridpath, S. W. Curtis* and *E. S. Holliday,* for appellants.

WOODS, J.—The appellants sued the appellee upon a promissory note, made payable to his own order, at a bank named, and by him endorsed to another, who endorsed it before maturity to the plaintiffs. The appellee answered by a sworn denial of the execution of the note, and also filed a cross complaint for the cancellation of the note.

The appellants have assigned error upon the overruling of their demurrer, for want of facts to the cross complaint, and upon the overruling of their motion for a new trial.

The substance of the cross complaint is, that the appellee was illiterate and almost blind, and, being unable to read for himself, was induced to sign the note by deceit and misrepresentations as to the character of the instrument; that he had agreed to sign, and supposed at the time that he did sign, a contract of agency for the sale of medicines; but the persons who obtained his signature, and on whom he was compelled to rely, and did rely, for the reading of the paper which he

signed, read it falsely and misrepresented its contents, and thereby, without his knowledge, procured his signature to the note, which they endorsed to the plaintiffs, who are non-residents of the State. Copies of the note and endorsements are filed with and referred to as a part of the pleadings.

Whether these averments would make a good answer to the complaint, upon the allegations of which the plaintiffs would be presumed to be good-faith holders of the note, need not be decided. The cross complaint must be considered without reference to the complaint, and if in itself it shows a *prima facie* good cause of action, the ruling upon the demurrer to it was right. That the averments were sufficient to put the appellants upon their defence is clear. It is true that "A promissory note imports a valuable consideration upon its face, and possession is presumptive evidence of property rightfully acquired; but when the maker shows that it was obtained from him and put into circulation by force or fraud, all the above intendments of law are rebutted, and proof becomes necessary." *Harbison* v. *Bank, etc.,* 28 Ind. 133; *Zook* v. *Simonson,* 72 Ind. 83, and cases cited. See also *Webb* v. *Corbin,* 78 Ind. 403.

The same principle of law is applicable to and justifies the ruling of the court upon the motion for a new trial.

The evidence shows that the signature of the appellee to the note was procured by fraud as charged, and conceding, as counsel claim, that it also shows negligence on the part of appellee, the appellants can claim no advantage on account of that negligence, because they did not show themselves to be in a better position than their endorser, who perpetrated the fraud. In other words, the burden was cast upon them of showing that they purchased and paid value for the note before it was due, without notice of the fraud by which it was procured. On the point of notice, the record contains no evidence whatever, and that the appellants paid anything for the transfer of the note to them is shown by the testimony of their endorser, who procured the note, and whose evidence on material points was contradicted, and was not believed by the

jury, and may have been rejected as unworthy of belief in any respect whatever. In *Nebeker* v. *Cutsinger*, 48 Ind. 436, the plaintiffs were shown and found to be good-faith holders.

Judgment affirmed.