The Anderson Building, Loan Fund and Savings Ass'n *v.* Thompson *et ux.*

No. 8542.

# THE ANDERSON BUILDING, LOAN FUND AND SAVINGS ASSOCIATION *v.* THOMPSON ET UX.

SUPREME COURT.—*Rule 19.—Dismissal of Appeal.—Submission by Agreement. — Waiver.*—The submission of a cause by agreement is a waiver of the appellee's right to move for the dismissal of the appeal because of the appellant's failure to cause the transcript to be paged, as required by Rule 19 of the Supreme Court.

SAME.—*Assignment of Cross Errors. — Sufficiency of Complaint. — Appeal by Plaintiff.*—Where the plaintiff appeals from the judgment below, the defendant can not, as a rule, call in question the sufficiency of the complaint in the Supreme Court except by the assignment of a cross error presenting such question.

PROMISSORY NOTE.—*Constitution, By-Laws and Regulations of Building, etc., Association.—Complaint.—Exhibit.*—In a complaint upon a promissory note payable to a building, loan fund and savings association, where the note merely states that " This obligation is given for money loaned under the constitution, by-laws and regulations of said association," it is not necessary that a copy of such constitution, by-laws and regulations should be filed with, or made part of, such complaint, as an exhibit. NIBLACK, J., dissents.

PLEADING BY DEFENDANT.—*Answer or Cross Complaint.—Supreme Court.*— A single paragraph of the defendant's pleading can not be both an answer and a cross complaint or counter-claim, and where it is treated below, both by court and counsel, as a cross complaint, it will be so considered by the Supreme Court.

SAME.—*Cross Complaint or Counter-Claim.—Demurrer.*—A demurrer to a cross complaint or counter-claim, for the want of sufficient facts therein, does not search the record, as would such demurrer to an answer, and fasten upon an insufficient complaint.

BUILDING, ETC., ASSOCIATION.— *Borrower.— Pledge of Stock.— Withdrawing Stockholder.— Payment or Unconditional Tender of Loan.*—Under section 3410, R. S. 1881, a stockholder in a building, loan fund and savings association, who is a borrower of its funds, and whose stock is held by the association in pledge as a security for the money borrowed, is not entitled to withdraw from the association, nor to any of the rights of a withdrawing stockholder, until he redeems his stock from such pledge thereof; and the repayment of his loan, or an unconditional tender of such repayment in lawful money, is necessary to the redemption of his stock from such pledge thereof.

From the Madison Circuit Court.

*C. L. Henry* and *H. D. Thompson*, for appellant.

*C. D. Thompson*, for appellees.

HOWK, J.—This was a suit by the appellant, as payee, against the appellee Calvin D. Thompson, as the maker, of a promissory note, and to foreclose a mortgage on real estate executed by said Calvin D. Thompson and his co-appellee Sallie Thompson, to the appellant, to secure the payment of said note. The case was put at issue and tried by a jury, and a special verdict was returned, in substance as follows:

" We, the jury, having been required to find a special verdict in this cause, do find the facts in the case to be as follows, to wit:

"1st. The plaintiff is a corporation, with a capital stock of $100,000, and was so organized on the 9th day of July, 1874; and the defendant, Calvin D. Thompson, became a member of said corporation at the time of its incorporation and was the owner of four shares of $500 each, of its capital stock.

" 2d. On the 1st day of December, 1875, said Calvin D. Thompson borrowed from said association the sum of $2,000, the amount of his said capital stock, and paid therefor as a premium for the priority of said loan, the sum of $628, and received in cash $1,372, the amount of said loan after deducting said premium of $628.

" 3d. At the time of borrowing said sum of money said Calvin D. and Sallie Thompson were and still are husband and wife, and were and still are the joint owners and tenants by entireties of the real estate mentioned and described in the mortgage sued upon in this cause.

"4th. At the time of borrowing said money as aforesaid, said Calvin D. Thompson executed therefor the note sued on in this cause, being December 1st, 1875, and, on December 7th, 1875, he and his said wife executed the mortgage sued on in this cause to secure said note, and, at the same time, transferred to said association as collateral security for said note and loan, his said four shares of the capital stock of said association, being in amount $2,000.

" 5th. On the 7th and 12th days of November, 1877, the said Calvin D. Thompson was not in arrears for dues, interest, fines or assessments to said association. On said 7th day of November, 1877, said Calvin D. Thompson notified the board of directors of said association, whilst in regular session, that he then and there intended to repay the said loan, under and pursuant to an act of the General Assembly of the State of Indiana. And said Calvin D. Thompson then and there offered to repay his said loan of $2,000, and offered to surrender up his said stock, $2,000, to be discharged and cancelled, and demanded that said association refund to him the full amount of his said stock, $2,000, including the said premium by him paid for the priority of said loan, $628, less one-sixth of said premium for each year of six years of said association then unexpired, to wit, two years and eight months, making the sum of $348.90 due to said Calvin D. Thompson, and demanded the full and complete discharge of his said debt, and that the officers of said association enter satisfaction of such payment of record; which offer and demand the said association then and there failed and refused to accept or comply with.

" 6th. John W. Westerfield, during all the existence of said association was and still is the secretary thereof, and was and is, by virtue of article 7 of the constitution of said association, the proper officer to receive all the dues and other payments of members.

" 7th. On the 12th day of November, 1877, the said Calvin D. Thompson, in pursuance of the notice, application and demand by him made to the board of directors of said association as aforesaid, tendered to John W. Westerfield, the secretary of said association, at its office, the sum of $2,000 in legal tender notes, currency of the United States, for the purpose of repaying his said loan of $2,000, on the condition that said association would refund to him the full amount of his said stock, to wit, $2,000, including the sum of $348.90, the same being the premium by him paid for said loan less one-sixth

thereof for each year of the incorporation of said association then unexpired, to wit, two years and eight months, and offered to surrender up the said stock, $2,000, to be discharged and cancelled, and demanded that his said note be surrendered up, and that the said John W. Westerfield, as secretary, enter satisfaction of such payment of record, all of which the said Westerfield refused.

"8th. Before and up to the 7th day of November, 1877, the said Calvin D. Thompson had paid to the proper officer of said association dues and interest to the amount of $807, of which $232 was for interest on said loan, and $575 was for dues to said association, under his membership in, and agreement with, said association, and under its by-laws.

"9th. Under the constitution and by-laws of said association the defendant Calvin D. Thompson, in common with other members, was required to pay the sum of seventy-five cents each week on each share of stock by him owned, as dues to said association; and before the organization of said association, and for the benefit thereof, there was paid on the four shares of capital stock held and owned by said Calvin D. Thompson, as dues, and credited as dues, the sum of $6.

"10th. The rate of interest on said loan was six per cent., and was payable monthly, and the last payment of interest by said Calvin D. Thompson, being the amount at that time due from him, was made on the 7th day of November, 1877.

"11th. This suit was commenced by the plaintiff, on the 17th day of May, 1878.

"12th. If, upon these facts, the law is with the plaintiff, then we find for the plaintiff, and assess its damages at $2,000; and if the law is with the defendants, then we find for the defendants, and assess the damages of Calvin D. Thompson at $2,347.90." [Signed] "JOHN W. McGRIFF, foreman."

Upon the special verdict of the jury the appellant moved the court in writing for a judgment in its favor and against said Calvin D. Thompson, for $2,000 and the costs of suit, and for the foreclosure of the mortgage in suit against both

The Anderson Building, Loan Fund and Savings Ass'n v. Thompson *et ux.*

appellees. The appellees offered in writing a *remittitur* of $2,000 of the damages assessed by the jury, in favor of said Calvin D. Thompson, and also moved the court for judgment in favor of said Calvin D. Thompson for the sum of $347.90, the residue of said damages, and for satisfaction of record of the mortgage in suit. The court overruled the appellant's motion and sustained the appellees' motion, and rendered judgment accordingly, that the appellant take nothing by its suit, and that Calvin D. Thompson recover of appellant the sum of $347.90, and the costs of suit. Appellant's motions for a *venire de novo* and for a new trial having been overruled by the court, and its exceptions reserved to these decisions, it has appealed from the judgment rendered to this court, and has here assigned as errors the following decisions of the circuit court:

1. In overruling its demurrer to the fifth paragraph of appellees' answer by way of cross complaint;

2. In overruling its motion for judgment in its favor on the special verdict;

3. In the court's conclusions of law upon the facts found in the special verdict;

4. In sustaining appellees' motion for judgment on the special verdict;

5. In overruling its motion for a *venire de novo;* and,

6. In overruling its motion for a new trial.

Appellees' counsel has filed a written motion "to dismiss the appeal in this cause, for the reason that the appellant has failed to comply with Rule No. 19 of this court, in this: The appellant has not caused the transcript to be *paged,* as required by said rule." This motion was made more than eighteen months after the appellees' joinder in error, and after the submission of the cause by agreement. The motion comes too late. Such a motion will not be available, and the non-compliance with the rule will be regarded as waived, unless the motion is made on the first appearance of the party in this court.

The appellees have assigned no cross error in this court. They did not assign as error the overruling of their demurrer to the complaint below, nor have they called in question the sufficiency of the facts stated in the complaint to constitute a cause of action, by an assignment of error here. Yet their counsel earnestly insists that the judgment must be affirmed by this court, mainly upon the ground that the appellant's complaint did not state sufficient facts to constitute a cause of action. The complaint counted upon a note, of which the following is a copy:

"$2.000.               ANDERSON, IND., Dec. 1st, 1875.

"For value received, I promise to pay to the Anderson Building, Loan Fund and Savings Association No. 3, of Madison county, Indiana, the sum of two thousand dollars, with interest at six per cent. per annum, payable monthly. This obligation is given for money loaned under the constitution, by-laws and regulations of said association; and in case the said monthly interest, weekly dues, fines or assessments, or any part thereof, shall remain unpaid after six months after the same become due, then this note shall become due and collectible; but, in case said interest and dues, fines or assessments shall be kept paid up, then the principal of this note shall become due in eight years from the date of the incorporation of said association, or sooner if, at any time, the value of the assets of said association shall be sufficient to divide to each share of stock in said association the sum of five hundred dollars, or its equivalent, when the principal of this note shall be paid by applying a sufficient amount of stock owned by the undersigned, to the payment of said principal; and, thereupon, the undersigned shall cease to have any interest in the stock so applied, and the same shall be cancelled; and it is further agreed that, at any time the directors shall deem the security unsafe or insufficient, they may require additional security, and, if not given in the time granted, the whole of the principal and interest shall become due. And if suit be brought on this note, it is agreed the plaintiff shall

collect ten per cent. in addition for its attorneys and expenses of collection, all to be paid without any relief from valuation or appraisement laws. This note is not transferable."

(Signed) "C. D. THOMPSON."

In its complaint the appellant alleged, in substance, "that the defendants, on the 7th day of December, 1875, executed a mortgage conveying to the plaintiff the tract of land therein described, as security for the payment of a debt evidenced by a note, a copy of which is filed herewith, amounting to $2,-500, which yet remains unpaid. Wherefore plaintiff asks for judgment for $2,500, and the foreclosure of the mortgage, and the sale of the property, or so much thereof as may be necessary, and for all other proper relief."

It seems clear to us that if the appellees had assigned as error the overruling of their demurrer to the complaint, it must have been held bad, for the want of sufficient facts, because it did not show by any of its allegations that there was any amount due the appellant upon the note in suit at the time of the commencement of this action. As we have seen, the note sued upon was dated on the 1st day of December, 1875, and was to become due in eight years from the date of the appellant's incorporation, or sooner upon the happening of certain contingencies. The date of the appellant's incorporation was not stated in the complaint, nor was it alleged therein that any "monthly interest, weekly dues, fines or assessments, or any part thereof," had remained due or unpaid for six months after the same became due, or that the value of the appellant's assets had become sufficient to divide to each share of its stock "the sum of $500, or its equivalent," or that the note itself had in any manner "become due and collectible." Manifestly, therefore, the appellant's complaint would have been bad, if the appellees had demurred thereto at the proper time, for the want of sufficient facts.

Appellees' counsel claims that the appellant's complaint is bad for another and different reason. The note in suit, which is a part of the complaint, contains this stipulation: "This

obligation is given for money loaned under the constitution, by-laws and regulations of said association." .It is insisted by counsel, with much earnestness, that " the constitution, by-laws and regulations" of the appellant, because of the reference thereto in the note which we have quoted, became parts of such note, and, therefore, ought to have been made parts of the complaint by copies thereof set out in, or filed with, such complaint.   Upon this point appellees cite the case of *Busch* v. *Columbia City*, etc., *Association No. 2*, 75 Ind. 348, which seems to support their position.   In that case, it will be observed, that the question was presented by a demurrer to the complaint, for the want of sufficient facts.   In the case at bar we do not think that the sufficiency of the complaint is presented in any manner for our decision.   But if the question were properly presented, it would seem to us that the appellees' objection to the complaint was not well taken, and ought not to be sustained.   " The constitution, by-laws and regulations" of the appellant were not, in terms, made a part of the note in suit, nor did the maker of the note promise to pay the same under, pursuant to or in conformity with such constitution, by-laws and regulations. It is recited in the note that it was given in consideration of money loaned under the constitution, by-laws and regulations of the appellant.   In a suit upon such note by the payee against the maker, it can hardly be said, we think, that the constitution, by-laws and regulations of the appellant are made parts of such note, by the bare reference thereto above quoted, in such manner as to constitute them, under the rules of good pleading, necessary parts of the complaint on such note.   *Cassaday* v. *American Ins. Co.*, 72 Ind. 95;   *Continental Life Ins. Co.* v. *Kessler*, 84 Ind. 310.

The first error complained of by the appellant is the decision of the court in overruling its demurrer to the appellees' "fifth and further answer, by way of cross complaint."   In their cross complaint the appellees alleged, in substance, that the appellant was a corporation organized under and by vir-

tue of the statute of this State, for the organization and continuation of building and loan associations, on the 10th day of July, 1874; that the appellees were, at the date of the mortgage in suit, to wit, December 7th, 1875, and still were, husband and wife, and joint owners and tenants by entireties of the real estate described in such mortgage; that at the time of the execution of such mortgage the appellee Calvin D. Thompson was a member of the appellant association, and the owner of four shares, of $500 each, of its capital stock; that the note was given as the evidence of, and the mortgage to secure, a loan made to said Calvin D. Thompson by the appellant in the sum of $2,000; that the mortgage was executed on the day of its date and recorded in the recorder's office of Madison county; that to obtain such loan he paid the sum of $628 as and for premium or discount, and, as collateral security for the loan, and, under a provision of the appellant's by-laws, he transferred his four shares of stock to the appellant to be by it held until the note and mortgage were discharged. And the appellees averred that on the 7th day of November, 1877, the said Calvin D. Thompson was not in arrears to the appellant for dues, fines, interest or assessments, and that on said day he notified the appellant, through its board of directors while in session, that he then and there desired and intended to repay his said loan, under the provisions of the act of the General Assembly of the State of Indiana, approved March 3d, 1877, and then and there offered to refund to the appellant the full amount of the money by him borrowed, to wit, $2,000, and tendered the same to it in legal money of the United States, and then and there demanded of the appellant that it refund to him the full amount of his said stock, to wit, $2,000, including the said sum of $628 so paid by him as and for the premium or discount on his loan as aforesaid, less the sum of two-sixths and two-thirds of one-sixth of said amount, to wit, the sum of $279.10 being the amount of the one-sixth of said premium for each year of six years of said association then unexpired, to wit, for two years and eight

months, and then and there demanded payment of the residue due to him on such payment as aforesaid, to wit, $348.90, and also offered to surrender his said stock to be cancelled and discharged, and demanded that the note and mortgage in suit be delivered up to him, and cancelled and discharged, and that the same be so entered of record, all of which the appellant then and there failed and refused to do. Wherefore the appellees asked that the said note and mortgage and stock be discharged, and said Calvin D. Thompson demanded judgment for $500, and they asked for general relief.

This paragraph was filed by the appellees as a cross complaint, and, as such, it was demurred to by the appellant, for the want of sufficient facts therein. It was treated below, both by court and counsel, as a cross complaint, and it must be so considered here. It could not be both an answer and cross complaint, under the decisions of this court. *Campbell* v. *Routt,* 42 Ind. 410; *Indiana State Board, etc.,* v. *Gray,* 54 Ind. 91; *Thompson* v. *Toohey,* 71 Ind. 296.

Considered as a cross complaint or counter-claim, as we think it must be, there is no point in the appellees' argument that a bad answer is a sufficient answer to a bad complaint. A cross complaint or counter-claim is not a defence to the plaintiff's action; but it is a cross action by the defendant against the plaintiff; and it must state facts sufficient to constitute a cause of action, or it must be held bad on a demurrer thereto, for the want of facts, whether the original complaint be good or bad. In other words, it can not be said that a bad cross complaint or counter-claim is good enough merely because the original complaint does not state facts sufficient to constitute a cause of action. A demurrer to a cross complaint or counter-claim, for the want of sufficient facts therein, does not search the record, as would such demurrer to an answer, and fasten upon an insufficient complaint. *Baldwin* v. *Fagan,* 83 Ind. 447.

We are of the opinion that the appellees' cross complaint in this case is radically defective in its theory and its allega-

tions of fact, and that the demurrer thereto ought to have been sustained. In section 7 of the act of March 11th, 1875, for the incorporation and continuance of building, loan fund and savings associations, etc., in force at the time, it was provided as follows: "That a borrower may repay a loan at any time, and in case of the repayment thereof, before the expiration of the sixth year after the organization of the corporation, there shall be refunded to such borrower one-sixth of the premium paid for every year of the said six years then unexpired." 1 R. S. 1876, p. 246.

In section 4 of the aforesaid act, as amended by the act of March 13th, 1877, and still in force as section 3410, R. S. 1881, it is provided as follows: "And any stockholder wishing to withdraw from said corporation shall have power to do so by giving three months' notice to the board of directors of his or her intention to withdraw; when he or she shall be entitled to receive the amount paid in by him or her, less all fines and other charges. But after the expiration of one year from the issuing of the series, such stockholder shall be entitled, in addition thereto, to legal interest thereon : *Provided,* That at no time shall more than one-half of the funds in the treasury be applicable to the demands of withdrawing stockholders, without the consent of the board of directors, and that *no stockholder shall be entitled to withdraw whose stock is held in pledge for security.*"

From the averments of appellees' cross complaint it will be seen that appellee Calvin D. Thompson was a " borrower " from the appellant, and that he was a stockholder, wishing to withdraw from the appellant corporation, whose stock was held by it in pledge as security for a loan to the full par value of his stock. The theory of the cross complaint was and is that the appellee Calvin D. Thompson, under the facts alleged and the law applicable thereto, had the power to withdraw from the appellant association at the time stated and upon the notice given, and was entitled to all the rights of a withdrawing stockholder. This theory, we think, is manifestly

erroneous.   The appellee Calvin D. Thompson was not only a stockholder in the association, but he was also, as alleged in the cross complaint, a borrower from the appellant, and his stock was held by it in pledge as collateral security for the repayment of his borrowed money.   By the express terms of the statute he was not " entitled to withdraw " from the association as long as his stock was "held in pledge " by it as such security.   He had the right to repay his loan, and thus redeem his stock from the pledge thereof; and after such repayment and redemption of his stock, and not before, he would have had the power, by giving proper notice of his intention, to withdraw from the association; and then, and not before, he would have become entitled to the statutory rights of a withdrawing stockholder, and nothing more.   The redemption of his stock from the pledge thereof was an indispensable prerequisite to his power or right of withdrawal from the association; and the absolute repayment of his loan, or an *unconditional* tender of such repayment in lawful money was necessary to the redemption of his stock from such pledge thereof.

The appellees alleged a tender by Calvin D. Thompson of the amount of his loan, but this tender, as stated in the cross complaint, was coupled with and constituted a part of a demand on his part, which the law did not authorize him to make nor the appellant to grant, namely, that the appellant should refund to him the full amount of his stock, to wit, $2,000. He would have been entitled, as a withdrawing stockholder, to receive the amount paid in by him on his stock, " less all fines and other charges," and to the return of a ratable proportion of the premium or discount on his loan, as provided in section 7, above quoted.   It was not alleged in the cross complaint that he had paid for his stock in the association, or what amount he had paid on his stock.   The jury found in their special verdict that he had paid on his stock only the sum of $575, and this amount or the true amount thus paid, " less all fines and other charges," and " legal in-

terest thereon," would have been the entire amount he would have been entitled to receive on his four shares of stock if he had been under the law a withdrawing stockholder. But, as we have seen, he had neither the power nor the right to withdraw from the association while his stock was held in pledge as security for the payment of the note in suit.

Our conclusion is that the court erred in overruling the appellant's demurrer to appellees' cross complaint, and this conclusion renders it unnecessary for us now to consider or pass upon either of the other alleged errors.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the demurrer to appellees' cross complaint, and for further proceedings not inconsistent with this opinion.

Petition for a rehearing overruled.

## DISSENTING OPINION.

NIBLACK, J.—I concur generally in the conclusion at which the court arrived in this case, and mainly with the arguments employed by the court in reaching its conclusion. I only dissent from so much of the opinion as may be construed as impliedly overruling the case of *Busch* v. *Columbia City, etc., Association No. 2*, 75 Ind. 348, which was, I think, correctly decided.

There is, in my judgment, no conflict between the two cases. In that case the note sued on was " payable according to the conditions in the mortgage securing the same, and the constitution, by-laws and regulations of said association." In this case the note contains no corresponding provision, but instead stipulates merely that "this obligation is given for money loaned under the constitution, by-laws and regulations of said association," which has reference only to the consideration of the note, and not to the terms or conditions upon which it is payable. The difference between the two provisions appears to me to be palpable and material. In the for-

mer case we had to look to the constitution, by-laws and reg-- ulations of the association to ascertain what the conditions of payment were. In the present case the note contains what purports to be the entire contract between the parties.' If some of its provisions can not be well understood without a recurrence to some other document or writing, the defects in that respect can be supplied by proper averments in the plead- ings and proof at the trial. What I maintain, therefore, in brief is, that in the former case the note referred to other docu-- ments, or writings, in such a way as to make them a part of the contract and to require copies of them to 'be filed with the complaint, but that, in this case, no other documents or writ- ings are referred to by the note in such terms as to make them in legal effect a part of the note, and consequently to require copies of them to be filed with the complaint.