JOHN WOLFE and OTTILIE WOLFE, Respondents, *v.* THE CONKEY
AVENUE SAVINGS, AID AND LOAN ASSOCIATION, Appellant

*Mutual loan associations — effect of articles of association — acts of directors in
derogation of — precedence of withdrawals over loans.*

The articles of association of every organization for mutual benefit, organized
under the "act for the incorporation of building, mutual loan and accumu-
lating fund associations" (Laws of 1851, chap. 122) constitute the contract
between the association and the individual members, and no provision of such
contract is subject to be abrogated or its obligation impaired by any act of
the board of directors which is not expressly authorized by the articles
themselves.

When the articles of association of such a mutual loan association provide that
members may withdraw one or more of their shares, on giving notice, to be
received in the regular order of business, and that the principal (and on final
withdrawal, the dividends) on shares applied to be withdrawn shall be refunded
to the withdrawing member "as soon as the necessary funds are in the
treasury," such provision controls and limits a preceding provision that "all
moneys received by the association shall be loaned to the members, except as
hereinafter provided," and it is not competent for the board of directors to prefer
applications for loans to applications for withdrawals, and thus deplete the
treasury of funds which would otherwise be sufficient to pay withdrawals in
full, in their order.

Under such provisions in the articles of association, applications for withdrawal
have, in the order of their filing, precedence over all other uses of the funds,
except the actual expenses of the association.

An unauthorized application, by the board of directors, of funds to loans in
preference to withdrawals, cannot defeat the right of a withdrawing member
to recover from the association the principal and dividends on his shares, when
it appears that but for such application there would have been the necessary
funds in the treasury, during the interval between the filing of his notice and
the commencement of his action, to pay all previous applications for with-
drawal as well as his.

APPEAL by the defendant, The Conkey Avenue Savings, Aid and
Loan Association, from a judgment of the County Court of Monroe
county in favor of the plaintiff, entered in the office of the clerk of
that county on the 29th day of June, 1893, upon a decision of the
court, after a trial by the court without a jury.

The defendant is a domestic corporation, organized under the act
of the State of New York, entitled "An act for the incorporation of

building, mutual loan and accumulating fund associations" (Laws of 1851, chap. 122), and the acts amendatory thereof.

*J. J. Snell*, for the appellant.

*H. J. Stull*, for the respondents.

DWIGHT, P. J.:

The action was first tried in the Municipal Court of Rochester, and from the judgment there rendered for the plaintiffs an appeal was taken to the County Court. The action was brought to recover the amount standing to the credit of the plaintiffs on the books of the defendant association on the 18th day of March, 1891, on which day the plaintiffs filed with the association their notice of withdrawal of all their shares, with the dividends due thereon. The notice of withdrawal was filed under a provision of the articles of association of the defendant, as follows: " Members not having received a loan may withdraw one or more of their shares from the association at any time, by giving notice in writing to the board, and the liability to pay further dues and the right to dividends shall cease with the filing of said notice. Applications for withdrawal shall only be received in the regular order of business, and the principal theretofore paid on such share or shares *shall be refunded to such members as soon as the necessary funds are in the treasury.*  \*  \*  \*  Dividends shall not be paid to any member except upon the final withdrawal of all his shares." (Art. XIV, § 2.)

The plaintiffs had never had a loan from the association, and having given notice of the final withdrawal of all their shares they were entitled to receive, with the principal paid on such shares, the dividends due or declared thereon down to the filing of their notice of withdrawal. The amount then standing to the credit of the plaintiffs, including dividends, was the sum of $771.25, for which sum, with interest, judgment was rendered in their favor. It seems apparent that the single test of the plaintiffs' right to be paid the amount then standing to their credit and, consequently, their right to recover in this action, is the question whether, at any time after the filing of their notice of withdrawal, and before the commencement of the action, there were the necessary funds in the treasury of the association to make such payment. Of course, applications for withdrawal were entitled to be honored in the order of their filing,

and the necessary expenses of conducting the business of the association must have precedence of payment over any such application. But the undisputed evidence in the case establishes the fact, which is found by the court, that over and above all such previous applications and the actual expenses of the association, during the interval mentioned, there was a balance of moneys received in the regular course of business more than sufficient to pay the amount due to the plaintiffs But the proofs also show that this balance, and much more, was exhausted by loans to members made during the same interval. And here arises the single question in this case, viz., whether the defendant had a right, under its articles of association, to appropriate any of its funds to the making of loans while withdrawal notices were on file which had not been honored? It seems very clear that this question must be answered in the negative The only pretext for the contrary contention seems to be found in a resolution of the board of directors adopted some time before the filing of the plaintiffs' notice, to the effect that only one-half of the receipts of the association should be applied to the payment of withdrawals and the other half should be loaned to members. But the articles of association of every organization for mutual benefit, like the defendant, constitute the contract between the association and the individual member, and no provision of such contract is subject to be abrogated or its obligation impaired by any act of the board of directors which is not expressly authorized by the articles themselves.

As we have seen, the articles in this case (Art. XIV, § 2, *supra*) plainly give to applications of withdrawal precedence over all other appropriations of the funds except, from necessity, the actual expenses of the association. The provision is that such applications shall be paid "as soon as the necessary funds are in the treasury;" and this provision necessarily limits and controls the previous provision for loans, which is as follows: "Art. 10, § 1. All moneys received by the association shall be loaned to the members, *except as hereinafter provided.*"

This, it seems to us, is all there is of this case. Under the provisions of the articles of association it was not competent for the board of directors to prefer applications for loans to applications for withdrawals, and but for such preference, as the undisputed evidence shows, there were the necessary funds in the treasury, during

the interval between the filing of the plaintiffs' notice and the commencement of their action, to pay all previous applications of the same character as well as that of the plaintiffs.

The judgment of the County Court was, therefore, right and must be affirmed.

LEWIS and HAIGHT, JJ., concurred.

Judgment appealed from affirmed, with costs.