## HUNTINGTON COUNTY LOAN AND SAVINGS ASSOCIATION v. EMERICK.

### [No. 2,894. Filed Oct. 31, 1899.]

BUILDING AND LOAN ASSOCIATIONS.—*Withdrawal.*—*Complaint.*—Section 3410 Horner 1897 provides that no stock shall be withdrawn from a building and loan association which is held in pledge for security or subject to a lien for the payment of unpaid instalments and other charges incurred thereon, and that not more than one-half of the funds in the treasury shall be applicable to demands of withdrawing stockholders, unless the board of directors in its discretion shall order otherwise *Held*, that the complaint, in an action by a member for the withdrawal of his stock need not allege that the stock was not held in pledge for security, or subject to liens for the payment of unpaid instalments or other charges, and that there were funds in the treasury with which to pay the amount due on the withdrawal of his stock. *pp. 176-184.*

BUILDING AND LOAN ASSOCIATIONS.—*Withdrawal.*—*Notice.*—Notice to the secretary of a building and loan association of intention to withdraw stock from such association is insufficient, within the meaning of §3410 Horner 1897, which provides that "any stockholder wishing to withdraw from such corporation may do so upon three months' notice given to the board of directors." *pp. 184-187.*

From the Huntington Circuit Court.    *Reversed.*

*J. B. Kenner* and *U. S. Lesh*, for appellant.

*J. M. Hatfield*, for appellee.

WILEY, J.—Appellee was plaintiff below, and by his complaint it appears that he subscribed for five shares of the capital stock of appellant association, which shares were $100 each; that the dues upon such stock were $3.50 per month; that he paid all of his dues each month, beginning such payments in September, 1891, and continued to and including the month of April, 1894; that he paid in all for dues on said stock $112; that when he made his last payment in April, 1894, he notified the board of directors of appellant association that he wished to withdraw therefrom, and asked that he receive the amount paid in on his stock, less all fines and other charges thereon, with six per cent. interest; that he has "waited more than three months, but that no part of said money has been paid or tendered to him by the officers of said corporation." A demurrer for want of facts was overruled, and appellant excepted. Appellant answered in two paragraphs; (1) a general denial, and (2) that by the by-laws of the association, which is the contract between appellant and appellee, the appellee agreed to pay seventy cents monthly on each share of his stock, and in default thereof for more than four months such stock shall lapse and the amount paid in shall be transferred to the funds of the association. The answer further avers that in April, 1894, appellee defaulted in the payment of his monthly instalments, since which time he has never made any payments thereon, and that by reason of such failure said stock lapsed and had been transferred to the other funds of the associa-

tion more than a year previous to the beginning of the suit. A copy of the by-laws accompanies this paragraph of answer as an exhibit. Appellee replied by general denial. There was a trial by jury resulting in a general verdict for appellee. With the general verdict the jury answered and returned certain interrogatories submitted to them upon special questions of fact. Over appellant's motion for a new trial, judgment was rendered on the verdict.

The appellant has assigned errors as follows: (1) That the court erred in overruling the demurrer to the complaint; (2) that the complaint does not state facts sufficient to constitute a cause of action, and (3) that the court erred in overruling the motion for a new trial. The first and second specifications of the assignment of errors may be considered together.

The complaint proceeds upon the theory that appellee was entitled to recover of appellant the amount paid into its treasury upon his stock, less any and all fines and other charges thereon, upon his withdrawal. The right of a member of a building and loan association to withdraw from it, upon certain conditions, is a statutory right, and the manner of his withdrawal and the terms thereof, are likewise fixed by statute. §3410 Horner 1897. The language of the statute is: "Any stockholder wishing to withdraw from such corporation may do so upon three months' notice given to the board of directors, when such withdrawing stockholder shall be entitled to receive the amount paid in upon the stock to be withdrawn, less all fines and other charges thereon: *Provided*, that when the withdrawal occurs after the expiration of one year from the beginning of the series in which the stock to be withdrawn was issued, he shall receive in addition to the amount paid in, less fines and other charges as aforesaid, at least legal interest on each instalment paid from the date at which the same was payable: *Provided*, that at no time

shall more than one-half of the funds in the treasury be applicable to demands of withdrawing stockholders, unless the board of directors in its discretion shall order otherwise, and the board may, in its discretion, waive the notice hereinbefore required as to any withdrawal; no stock shall be withdrawn which is at the time held in pledge for security." The section of the statute from which the above quotation is taken also provides that, "Every share of stock shall be subject to a lien for the payment of unpaid instalments and other charges incurred thereon under the provisions of the constitution and by-laws."

Appellant's learned counsel urge that the averments of the complaint do not show that the conditions prescribed by statute by which appellee might withdraw his stock existed when he attempted to withdraw, and hence, for a failure to show such conditions, the complaint is bad. It is first claimed that it is not averred that his shares of stock were not held "subject to a lien for the payment of unpaid instalments or other charges." The complaint shows that appellee became the owner of his shares of stock in September, 1891; that he made his monthly payments beginning with September, 1891, and continuing to and including the month of April, 1894, and that he paid each month the sum of $3.50. It seems plain that under these allegations there could have been no lien in favor of the association for unpaid instalments, for it clearly appears that appellee had paid all instalments upon his stock as they became due. It is further charged that when he paid his last instalment he notified the board of directors that he wished to withdraw, and asked that he receive back the amount paid in upon his stock, less all fines and other charges, together with interest, etc. If appellee paid the instalments on his stock as they became due, we are unable to see what lien the association would have upon his stock for unpaid instalments and "other charges." In any event, if the association had any such lien, it was unnecessary for appellee to aver the same, but it was

a matter of defense to be set up by way of answer. If appellee had not forfeited his stock,—and the complaint shows that he had not,—he had a right to withdraw, and upon notice of his intention to withdraw, it was the duty of the appellant after the lapse of the time fixed by statute, to pay to him the sum paid in by him, and if more than a year had elapsed'after he became the owner of the stock, as is shown by the complaint in this case, to pay, in addition thereto, at least legal interest on each instalment paid from date at which the same was payable, "less fines and other charges as aforesaid." It is plain from both the spirit and the letter of the statute that the appellant association was·required to pay to appellee the amount paid in on his stock, with legal interest, less fines and other charges. If the association had any lien upon appellee's shares of stock for unpaid instalments, fines or other charges, it was its duty to discharge such liens from the amount in its hands and pay him the residue, provided he had complied with all requirements on his part.

Another provision of the statute is that "no stock shall be withdrawn which is at the time held in pledge for security." Appellant insists that the complaint is bad for a failure to aver that appellee's stock was not at the time "held in pledge" for security. It is·urged that appellee may have become a borrower, and his shares of stock held in pledge for security. Where a stockholder in a building and loan association has borrowed money on his stock, it is not a debatable question but what such association would hold such stock "in pledge for security." It is equally clear that under such facts the stockholder would not be entitled to withdraw from the association, nor entitled to any of the rights of a withdrawing stockholder, until he should redeem his stock from such pledge. These questions were settled in the case of *Anderson Building, etc., Assn.* v. *Thompson*, 88 Ind. 405. These objections which appellant urges to the complaint do not seem ·to us to be well taken. These objections thus urged are exceptions to the statutory right of the stock-

holder to withdraw, and, while the exceptions are also statutory, we do not think, under the code practice of pleading that it was necessary to negative them.    The rule of pleading in such cases is that, when the exception is embraced in the clause, he who pleads the clause should also plead the exception; but where there is a clause for the benefit of the pleader, and there follows a proviso which is against him, he may plead such clause, and it then becomes the duty of his adversary to plead the proviso or exception.    Bliss on Code Pl. 202.

Mr. Works, in his Pleading and Practice, at §365, says: "It was a rule of pleading at common law that if an exception in a statute appeared in the enacting clause, the declaration must show that the plaintiff, or the action brought, was not within the exception; but where the exception appeared in the proviso, it was not necessary to notice it in the complaint.    The rule is thus stated:    The rule usually laid down upon this subject is that where matter is introduced by way of exception into a general clause, the pleader must show that the particular case does not fall within such exception; whereas a proviso need not be noticed by him, but must be pleaded by the opposite party.    The difference is, where an exception is incorporated in the body of the clause, he who pleads the clause ought also to plead the exception; but when there is a clause for the benefit of the pleader, and afterwards follows a proviso, which is against him, he should plead the clause, and leave it to the adversary to show the proviso.    *    *    *    The test is, whether the exception is necessary to be alleged to constitute a cause of action.    If so, it must be averred, no matter in what part of the statute it occurs."    See, also, Stephen Pl. 443.

The right of a stockholder to withdraw from a corporation is a statutory right, at least in cases of this character.    Here the statute confers upon him that right, and specifies what he shall receive in return.    After granting to him this right, and placing upon him the necessity of giving the corpora-

tion a three months' notice, the statute contains certain provisions. Measured by the rule we have just cited, it was not necessary for appellee to make the averments contended for by appellant, and which we have had under discussion.

Another objection urged to the complaint is that there is no averment that there were funds in appellant's treasury which could be applied to the payment of appellee's demand for withdrawal. Upon this question, the authorities are not in accord. Our own courts have not had the question before them in any reported case we have been able to find. In *Heinbokel* v. *National, etc., Assn.*, 58 Minn. 340, 59 N. W. 1050, the exact question here presented was raised and decided in harmony with appellant's contention. The Minnesota statute, under which that case arose, was very similar to our statute, and the provisions relating to a stockholder's right to withdraw were in all essential particulars like ours. The Minnesota statute provided that not more than one-half the amount received on stock should be used to pay withdrawals without the consent of the board of directors. A by-law of the association contained a similar provision. In the course of the opinion the court said: "Can a nonborrowing member of a mutual building association, who has brought himself within the rules by notice of withdrawal, be permitted to bring an action and take judgment against the association when, by reason of the statute and the by-laws, there is no money in the treasury legally applicable to the payment of his claim?" This inquiry the court answered in the negative, and its conclusion was, to use its own language: "It follows that there must be proper allegations in the complaint and proof upon trial as to the existence of funds out of which payment can properly be made." In *Maloney* v. *Real Estate, etc., Assn.*, 57 Mo. App. 384, the same conclusion was reached. These are the only cases we have been able to find which hold squarely to the above rule.

The supreme court of Pennsylvania, in a well considered

case (*United States, etc., Assn* v. *Silverman*, 85 Pa. St. 394), declared a contrary doctrine. The Pennsylvania statute there under consideration was almost identical in language to the Minnesota statute, and so similar to our own that we deem it important to quote it here, as follows: "Every share of stock shall be subject to a lien for the payment of unpaid instalments, and other charges incurred thereon, under the provisions of the charter and by-laws. * * * Any stockholder wishing to withdraw from the said corporation, shall have power to do so by giving thirty days' notice of his or her intention to withdraw, when he or she shall be entitled to receive the amount paid in by him or her, and such proportion of the profits as the by-laws may determine, less all fines and other charges. *Provided*, That at no time shall more than one-half of the funds in the treasury of the corporation be applicable to the demands of the withdrawing stockholders, without the consent of the board of directors." In the Silverman case, 85 Pa. St. 394, the question we are now considering arose by way of answer, wherein it was alleged that there were no funds in the treasury with which to pay the amount of plaintiff's claim on his withdrawal, and that fifty per cent. had then been applied to the demands of withdrawing stockholders, and that the consent of the directors to pay in excess of that amount had not been obtained. After quoting the statute above set out, the court by Mr. Justice Gordon, in discussing the question, said: "It will be seen from the above, that after thirty days' notice the membership of the stockholder is determined, and he becomes a creditor of the corporation to the amount he has paid, less fines and charges. That he may, upon the refusal of the company to pay him, sue it, and recover judgment just as any other creditor, is not doubtful. It is urged, however, that he is estopped, by the proviso, from legal process for the recovery of his money, until the treasury has funds to meet his claim. If this be the true interpretation of the statute, then is this creditor in a most unfortunate position;

for the corporation may never choose to make the necessary provision for such purpose, and therefore he can never have process to compel it to do so. * * * Looking at the statute as a whole, we are not prepared to adopt an interpretation so contrary to its spirit and the plain dictates of justice. Whilst it is certainly intended that the operations of the corporation shall not be embarrassed by having the whole amount of its cash assets taken, in order at once to pay withdrawing stockholders, yet it as certainly does not intend that no provision shall be made for their payment, and that they may be indefinitely postponed, even from judgment, by a plea of *quasi* insolvency." In harmony with the Silverman case are the following: Endlich on Building Associations, §§111-114; *National, etc., Assn.* v. *Hubley,* 34 Leg. Int. (Pa.) 6, 24 L. J. 50; *Bethoven Building Assn.* v. *Weber,* (Pa.) 5 Atl. 236, 3 Central Rep. 916.

We think these cases rest upon sounder reason and stronger equity than the cases holding the contrary doctrine, and follow them as being in harmony with both the letter and the spirit of our statute. The fact that the statute gives a member the right to withdraw, upon specified conditions, carries with it the necessary and corresponding duty of the association to make reasonable provision for carrying out the provisions of the statute. Some of the authorities go so far as to hold that it is the duty of the association to keep itself, as far as practicable, and in accordance with the dictates of experience and reason as to the probable amount required for withdrawals, in readiness to meet their demands. See Endlich on Bldg. Associations, §113; *Wolfe* v. *Saving Assn.* 75 Hun 201, 27 N. Y. Supp. 44; *National, etc., Assn.* v. *Hubley, supra.*

If the position of appellant is correct, then a withdrawing member of an association of this character would be left to the mercy and caprice of the association; for it is evident that if the directors so desired, the treasury of the association would be kept without funds, and thus the rights of the with-

drawing members would be disregarded, and both the letter and the spirit of the statute would be annulled. We must hold, therefore, that appellee was not required to aver in his complaint, as a condition precedent to his right of action, that there were funds in the treasury with which to pay the amount due on the withdrawal of his stock.

It is next urged that the complaint is bad because a copy of the constitution and by-laws of the association was not filed as an exhibit. It is sufficient answer to this to say that such constitution and by-laws did not constitute the foundation of the action. The action was based upon the statutory right to withdraw, and was for the recovery of the amount appellee had paid in, less fines and charges, together with the accrued interest. It was unnecessary for him to file a copy of the constitution and by-laws as an exhibit to his complaint. Some other objections to the complaint have been suggested, but we think they are frivolous and not well taken. While the complaint might have been fuller in detail and more specific in some particulars, it stated a cause of action, and there was no error in overruling the demurrer to it.

In its motion for a new trial appellant assigned sixteen reasons. The first reason assigned is that the verdict is not sustained by sufficient evidence. The second does not present any question, and the third is that the verdict is contrary to law. The first and third reasons may be considered together.

Appellant urges that the evidence wholly fails to show that appellee notified the board of directors that he wished to withdraw his stock. The statute makes it obligatory upon a member who wishes to withdraw to give to the board of directors three months' notice, etc. It was necessary for the complaint to aver that such notice had been given, and as this was a material averment, it follows that it was necessary for appellee to prove that such notice had been given. If the evidence fails to show that such notice was given, then

the verdict is not sustained by sufficient evidence, and the judgment will have to be reversed. If we adopt as true all the evidence on behalf of appellee upon this point, we do not see how it can be successfully claimed that he complied with the duty imposed upon him by statute. By such evidence it is shown that appellee paid his monthly dues continuously from September, 1891, to and including April, 1894; that after the last named date he did not make any other payments; that in May, 1894, he informed the secretary of appellant association that his financial condition was such that he could not keep up his payments, that he would have to withdraw; that the secretary advised him not to do so; that nothing more was said about the matter till January, 1895, when the secretary told him that he was entitled to part of the money; that the secretary then told him he would see to it and lay it before the board of directors; that he then waited about two months, when he called on the secretary and was notified by him that the board of directors declined to pay him anything. It also appears from the evidence that appellee did not at any time appear before the board of directors or give them any notice of his wish to withdraw. On the other hand, the secretary denies that appellee ever gave him any notice of withdrawal, or expressed to him a wish to withdraw. He further testified that after he had ceased his payments he notified him at least twice of his delinquency, and called upon him to try to get him to pay up his back dues, so that he would not lose what he had paid in; that he refused to do this, and after a lapse of nearly two years, he transferred his stock to the association under the provisions of §10, article 6, of the by-laws, which provide that: "Stock upon which four consecutive instalments have not been paid shall lapse, and the amount standing to the credit of such shares shall be transferred to the loan fund." It further appears by the evidence of the secretary that he never mentioned the matter of appellee's withdrawal to the board of directors until a short time before the com-

mencement of this action, when he did so at the request of the attorney for appellee. The evidence is uncontradicted that this is all the notice the board of directors ever received, and that was nearly three years after appellee had ceased paying dues, as the record shows this action was commenced March 23, 1897. At this time at least a year had lapsed since the secretary had transferred appellee's stock to the loan fund, as above mentioned. The board of directors declined to take any action upon receipt of this notice. From this evidence the jury might have found, and evidently did find, that appellee notified the secretary that he wished to withdraw, and that the secretary promised to convey the information to the board of directors. It is plain from an examination of the whole record that the trial court went upon the theory that such notice was sufficient and constituted notice to the board of directors, for the jury were so instructed. We cannot concur in this view of the law. In cases of this character, as we have above remarked, the right of a stockholder to withdraw from a corporation is a statutory one. If he wishes to exercise that right, he must comply with the provisions of the statute which confer upon him such right. The statute says: "Any stockholder wishing to withdraw from such corporation may do so upon three months' notice given to the board of directors." We must construe this statute as meaning just what it says, and hence hold that notice to the secretary is not sufficient. At most, under the facts as disclosed by appellee's evidence, the secretary was the agent of appellee to convey such notice to the board of directors, and his failure to do so was the failure of appellee himself, and for such failure he cannot complain. In saying this, we do not mean to hold that if the secretary had conveyed the information to the board of directors it would have constituted a valid and binding notice, for that question is not before us. Cook on Stock and Stockholders and Corp. Law, at §727, (3rd ed.) says: "It is well settled that a corporation is not chargeable with knowledge of facts

merely because those facts were known to its incorporators or stockholders or clerk.    But the corporation has notice of facts which come to the knowledge of its officers or agents while engaged in the business of the corporation, provided those facts pertain to that branch of the corporate business over which the particular officer or agent has some control."    1 Beach on Pri. Corp. §185, says: "Nor is it enough that notice should be given to one who is an officer and in his official character.    He must also be the proper officer to receive notice of the particular transaction."    A further discussion and citation of authorities upon the question now before us would be useless.

The evidence wholly fails to show the required statutory notice to appellant's board of directors of the intention or wish of appellee to withdraw, and as this failure relates to a material question of fact, the verdict is not sustained by sufficient evidence.    Upon the essential fact of notice, there is absolutely no evidence to support the verdict, and where there is no evidence to support the verdict, then such verdict is an error of law which may be reviewed and corrected in the appellate tribunal.    *Deal* v. *State*, 140 Ind. 354, and cases there cited; *Robbins* v. *Spencer*, 140 Ind. 483.    As this conclusion leads to a reversal of the judgment, other questions presented by the record need not be noticed.    The judgment is reversed, and the court below is directed to sustain appellant's motion for a new trial.