Newman v. The Ligonier Building, Loan and Savings Association.

———————————◆———————————

No. 10,795.

NEWMAN v. THE LIGONIER BUILDING, LOAN AND SAVINGS ASSOCIATION.

PLEADING.—*Exhibits.*—*Building Association.*—*Mortgage.*—A complaint by a building association to foreclose a mortgage need not exhibit a copy of its constitution and by-laws, and, if it does so, such exhibits will not be considered as part of the complaint.

SAME.—*Set-Off.*—*Striking out.*—*Practice.*—An answer which sets up a valid set-off should not be struck out, though it contains also much other matter which is wholly idle or surplusage.

From the Noble Circuit Court.

*L. W. Welker,* for appellant.

*H. G. Zimmerman, L. H. Green* and — *Bothwell,* for appellee.

HAMMOND, J.—Action by the appellee against the appellant to foreclose a mortgage executed by the latter to the former to secure the payment of the following obligation:

" $500. LIGONIER, IND., February 26th, 1875.

" For value received, I promise to pay to the order of the Ligonier Building, Loan and Savings Association, of Ligonier, Indiana, five hundred dollars, eight years after date of incorporation of said association, viz., January 27th, 1874,

or whenever said association shall be declared by its board of directors legally ended; interest at the rate of ten per cent. per annum, payable in equal monthly instalments between the 20th and 25th day of each month. And I do further promise and agree that should the monthly instalments of interest hereon as aforesaid remain due and unpaid for three months, or should any stock in said association be forfeited for the non-payment of the monthly instalments of dues or for any fines or assessments thereon, or for the non-payment of the taxes, ground rents or fire insurance premium on the property mortgaged to said association to secure the payment of this note, for three months after the same becomes due, as provided by the constitution and by-laws of said association, then, and in either case, the whole amount of principal and interest of this note, together with all unpaid dues, fines and assessments on the shares of stock of said association owned by me, and all ground rents, fire insurance premiums and taxes paid or advanced by said association on said mortgaged premises, shall become immediately due and collectible; all without relief from valuation or appraisement laws; and should this note be collected by suit, the judgment shall include the reasonable fee for plaintiff's attorney.

"No. 18. (Signed) J. NEWMAN."

The mortgage was in the ordinary form. The appellee's complaint was in two paragraphs, to each of which the appellant unsuccessfully demurred. Answer was filed in three paragraphs: 1. General denial. 2. Payment. 3. Set-off. The third paragraph of answer was struck out on the appellee's motion. Reply to second paragraph by general denial; trial by the court; finding for the appellee, and judgment on the finding over the appellant's motion for a new trial. The overruling of the demurrer to each paragraph of the complaint, the striking out of the third paragraph of the answer, and the overruling of the motion for a new trial, were each excepted to, and are in this court assigned for error.

Copies of the obligation, or note, and mortgage declared

upon, were filed with each paragraph of the complaint. There were also filed with the first paragraph of the complaint copies of the constitution and by-laws of the association. But copies of such constitution and by-laws were not essential to be filed with the complaint. *Continental Life Ins. Co.* v. *Kessler,* 84 Ind. 310; *Wilson* v. *Wilson,* 86 Ind. 472; *Anderson, etc., Ass'n* v. *Thompson,* 88 Ind. 405. Where exhibits are unnecessarily filed with the pleading, they are not considered in determining its sufficiency. 1 Works Pr., sec. 420.

The first paragraph of the complaint is to foreclose a mortgage given to secure an unconditional obligation to pay a specified sum of money with interest, eight years after January 27th, 1874. This was due when the action was brought, and the complaint avers that it was due and unpaid.

The only objection urged to the second paragraph of the complaint is that copies of the constitution and by-laws of the association are not filed with it. But, as already observed, it was not necessary that such copies should be filed with the complaint.

It is urged by the appellant that the description of the real estate in the mortgage is so defective as to render the mortgage invalid. The real estate is described by metes and bounds, as being in Noble county, this State, commencing at a point six feet west of the northwest corner of D. C. Teat's and Allen Beal's blacksmith shop. Courses and distances are then given, so that when the starting point is ascertained there can be no difficulty in locating the property. When the blacksmith shop referred to is found, the existence of which is not disputed, the location of the real estate becomes, we would say, a work of no great perplexity. *Brown* v. *Anderson,* 90 Ind. 93; *Reid* v. *Mitchell,* 95 Ind. 397. Each paragraph of the complaint was good upon demurrer.

The third paragraph of the appellant's answer, which was struck out by the court, was as follows:

" For a third and further defence to plaintiff's complaint, defendant says that the plaintiff is indebted to him in the sum

of eight hundred dollars, evidenced by a written share of stock in said plaintiff, the Ligonier Building, Loan and Savings Association, dated ——, 1875, calling for five hundred dollars, with interest at the rate of six per cent. from said date.    Defendant further says he can not more fully set out said share of stock, as he delivered the same to said plaintiff to hold to insure it that this defendant would pay all dues, fines and interest coming from him to said plaintiff, until the — day of January, 1882, at which time, if defendant had paid. his dues, fines and interest, plaintiff was to deliver up to him said share of stock, and settle up with him by cancelling said mortgage and delivering to defendant said note and paying to him the balance due him in money; that defendant paid all of said dues, interest and fines, in all things according to said agreement, until the expiration of said association, on the — day of January, 1882, at which time said association ceased to exist only to settle its business, and on said day defendant demanded a settlement with plaintiff, but plaintiff refused to settle, or to deliver to defendant his said share of stock, or to cancel his said mortgage, or to deliver up said note, or to pay him the amount due him, although often requested by defendant so to do; that said sum of eight hundred dollars is justly due this defendant, and remains wholly unpaid.    Wherefore defendant offers to set off any sum found due the plaintiff, and prays judgment for three hundred dollars, the balance due him, and all other proper relief."

The averments in the above pleading as to the appellee's agreement at a certain time and upon certain conditions to cancel the note and mortgage sued upon with the appellant's stock in the appellee's corporation, may be regarded as mere surplusage.

It may be conceded that the appellee's parol agreement to accept such stock as payment of the appellant's note would be void, as being in conflict with the express conditions of said note to pay a specified sum of money at a time named; still, however, as a plea of set-off, we think the answer is

.good. It contains averments to the effect that the appellee was indebted to the appellant in the sum of $500, with interest since 1875, on such stock, and that the same was due and unpaid.

The certificate of stock being in the hands of the appellee, the appellant was excused from filing a copy of it with his answer. If such certificate did not contain an unconditional promise to pay the appellant a specified sum of money at a certain time, or if the terms of such certificate were controlled or modified by the appellee's constitution and by-laws, the appellee should have replied by denial or by stating the facts specially. The striking out of the pleading can not be sustained on the theory that the facts therein stated might have been proved under any other paragraph of the appellant's answer.

The error in striking out the third paragraph of the answer necessitates the reversal of the judgment, and this dispenses with the consideration of other alleged errors.

Reversed, at appellee's costs, with instructions to overrule the motion to strike out the third paragraph of the answer.

Filed May 26, 1884. Petition for a rehearing overruled Nov. 14, 1884.