Filed June 22, 1894.

⎯⎯⎯⎯◆⎯⎯⎯⎯

No. 1,101.

## The Walter A. Wood Mowing and Reaping Machine Company v. Irons.

Pleading.—*Written Instruments in Possession of Adverse Party*.—The fact that written instruments are in possession of the adverse party is sufficient excuse for not filing copies with a pleading.

Same.—*Sale.—Warranty.—"Printed Directions."*—"Printed directions" for setting up and trying a machine are held in this case not to be a part of a written warranty in such sense as to require them to be filed with a pleading asserting a breach of the warranty.

Sale.—*Warranty.—Insufficient Allegation of Breach.*—Where a machine is warranted to do good work, and to be well made and of good materials, an answer, in an action for the purchase price, alleging, as a breach of the warranty, "that it would not do good work, and was wholly unfit for the work it was designed to do," is not sufficient to withstand a demurrer.

Same.—*Sufficient Allegations of Breach of Warranty.*—Where a machine is sold upon a warranty to be well made and of good materials, and to do good work, a pleading alleging specific acts of bad conduct, alleged to be due to the improper construction of the machine, and also alleging that the material used in its construction was inferior and defective, is good as showing a breach of the warranty.

Appellate Court Practice.—*Error in Ruling on Demurrer to Pleading.—When not Available for Reversal.*—An error in overruling a demurrer to a bad answer is not, under section 348, R. S. 1894, available to reverse a judgment where a sufficient cross-complaint, setting up the same matters, was filed, and the merits of the cause fairly determined upon the trial.

PRACTICE.—*Motion for Judgment on Answers to Interrogatories.*—Where issues are joined and tried upon a complaint and cross-complaint a motion for judgment upon the whole case on answers to interrogatories is a joint one, and bad unless it appears that the moving party is entitled to all the relief asked.

From the Montgomery Circuit Court.

*P. S. Kennedy* and *S. C. Kennedy*, for appellant.

*G. W. Paul* and *J. L. Shrum*, for appellee.

GAVIN, J.—Appellant sued appellee upon a promissory note.

Appellee answered, first, by general denial; secondly, a breach of warranty of the machine for which the note was given. He also filed a cross-complaint setting up the same matters counted upon in the second paragraph of answer, but with greater particularity in some respects.

To this cross-complaint and to the second paragraph of answer demurrers were overruled.

Upon a trial by jury there was a verdict for appellee upon both the answers and cross-complaint and judgment accordingly.

The appellant's possession of the notes, order, and warranty was a sufficient excuse for not filing copies with the answer and cross-complaint, as is expressly decided in *Keesling* v. *Watson, Admr.*, 91 Ind. 578.

The case of *Anderson School Tp.* v. *Thompson*, 92 Ind. 556, in no way conflicts with that case.

The "printed directions," in accordance with which the machine was to be set up and tried, were not a part of the written warranty in that sense which would require them to be filed as a part of the foundation of the pleading. *Commonwealth Ins. Co.* v. *Monninger*, 18 Ind. 352; *Continental Life Ins. Co.* v. *Kessler*, 84 Ind. 310.

They are not shown to have been in existence at the time of the making of the warranty. The natural infer-

ence from the terms of the warranty would be that they would accompany the machine when it was delivered.

The cases of *Busch* v. *Columbia City, etc., Assn.*, 75 Ind. 348, and *Titlow* v. *Hubbard*, 63 Ind. 6, relied on by counsel, do not go so far as to require this, while the former of the two cases named has been at least seriously questioned and probably substantially overruled by later cases. *Anderson Building, etc., Assn.* v. *Thompson*, 88 Ind. 405; *Borchus* v. *Huntington Building, etc., Assn.*, 97 Ind. 80; *Newman* v. *Ligonier Building, etc., Assn.*, 97 Ind. 295.

By the warranty set up in the answer and cross-complaint, appellant warranted the machine to be well made and of good materials, and to do good work.

The breach, as set up in the answer, was alleged in general terms only "that it would not do good work, and was wholly unfit for the work it was designed to do."

As thus alleged, it would appear to be insufficient by reason of its indefiniteness and generality, under a series of cases decided by our Supreme Court. *Aultman, etc., Co.* v. *Seichting*, 126 Ind. 137; *McClamrock* v. *Flint*, 101 Ind. 278, and cases there cited.

The cross-complaint, however, is not liable to this objection, the breach of the warranty is there set forth specifically showing in what respect the machine did not work well. It is, therefore, clearly good. *Springfield, etc., Co.* v. *Kennedy*, 7 Ind. App. 502; *McCormick, etc., Co.* v. *Gray*, 100 Ind. 285; *McCormick, etc., Co.* v. *Hays*, 89 Ind. 582.

The defect in the answer is peculiar, in that it consists merely in the lack of definiteness in the allegation of the breach. As a general rule, indefiniteness in a pleading is reached by a motion to make more specific rather than by demurrer.

And, according to an earlier case, this pleading would be good, because it states the breach in terms as broad

as the warranty. *Leeper* v. *Shawman, Admr.*, 12 Ind. 463.

We feel bound, nevertheless, to regard the later cases as controlling upon this point.

Since, however, the same breach counted upon in the answer is specifically set up in the cross-complaint, and since the appellee was entitled under the issues formed by the cross-complaint—and the correctness of the verdict under the evidence is not controverted—to all the relief he actually received, we are unable to see wherein appellant could have been harmed by the ruling as to the answer. We are led to this conclusion by the peculiar character of the defect and the fact that on the trial on the cross-complaint it must necessarily have been covered by the proof.

It is by no means true, as a general rule, that the error in overruling a demurrer to a bad pleading is cured or made unavailable by the fact that there are other good pleadings under which the proof could have been made, but we are of opinion that in this case the provisions of section 348, R. S. 1894, are properly applicable. "But no objection, taken by demurrer, and overruled, shall be sufficient to reverse the judgment, if it appear from the whole record that the merits of the cause have been fairly determined."

The only other error urged is that the court erred in overruling appellant's motion for judgment on the answers to interrogatories, notwithstanding the general verdict.

It is only where the answers to interrogatories are absolutely irreconcilable with the general verdict that they will overthrow it. *Grand Rapids, etc., R. R. Co.* v. *Cox*, 8 Ind. App. 29, *Schaffner* v. *Kober*, 2 Ind. App. 409; *Lockwood* v. *Rose*, 125 Ind. 588.

Under the answer of general denial, it was essential to

appellant's right of recovery, upon the answers to interrogatories, that these should establish the truth of the material averments of the complaint.    This they did not do.    They do not, in fact, touch the issues formed by the complaint and general denial, but relate solely to the affirmative issues tendered by the cross-complaint and answer.

If, however, we should go further, and examine these answers simply with a view to ascertaining whether they would overthrow the general verdict on the appellee's affirmative pleadings, the appellant would still fail, for we could not regard the answers as sufficient to control the general verdict under the established rule.

Since we find no available error in the record, the judgment is affirmed.

Filed March 14, 1894.

## On Petition for a Rehearing.

Gavin, J.—Counsel for appellant complain of our ruling holding the cross-complaint good, and they discuss its various allegations of defects in the machine at considerable length and detail.    In their original brief they disposed of this subject very summarily with the statement, "what we have said as to the insufficiency of the answer applies to the cross-complaint."    The vice alleged to exist in the answer was:  "It alleges that the machine 'would not do good work, but was wholly unfit for the work it was designed to do.'    This allegation is too general."    A very cursory examination of the cross-complaint would suffice to show that it was not subject to this objection.    It has been oftentimes decided that the points upon which a party relies should be presented to the court in the first instance.    Elliott's App. Proced., section 557.

As a matter of fact the pleading not only alleges that

the machine would not do good work, but sets forth specifically several various particulars in which it so failed; *e. g.*, that it would not bind the wheat and would choke; that it would not cut the wheat and other grain in a satisfactory manner; that it would not elevate the grain, and had a heavy draft, all of which defects are, as we construe the language, alleged to have been occasioned by reason of the improper construction of the machine. In addition to these it is also alleged that the material was inferior and defective, and the parts would not wear.

These specifications bring this pleading clearly within the cases cited to sustain it in the original opinion; nor are we able to find anything in the case of *Shirk* v. *Mitchell*, 137 Ind. 185, which contravenes our holding.

Counsel also complain that we failed to notice "another serious defect in the cross-complaint, in that it does not aver that the appellant waived the giving of the written notice provided for in the warranty." If it be conceded that no waiver is alleged, there is a direct averment that the required notice was given. This we regard as certainly sufficient to repel a demurrer.

The further argument is advanced in the petition, for the first time, that appellants were at least entitled, under their motion for judgment on the answers to interrogatories, to judgment upon the issues on the cross-complaint.

Their motion was a general one; as stated by counsel, it went "to the whole record. In considering it, it must be considered, in connection with the complaint, cross-complaint, the answer and general verdict."

Since the motion went to the whole record, before any error can be predicated upon overruling it, it must appear that appellant was entitled to judgment upon the whole record.

We think it plain, from the motion itself and from

appellant's original brief, that what they were claiming was judgment in their favor on the whole record, *i. e.*, on both the cross-complaint and the complaint. Their motion was thus a joint one. They neither sought to present to the trial court nor to this court any question severally as to the different issues joined.

Joint motions as to several rulings do not ordinarily present any question as to each separate ruling. Joint demurrers and joint assignments of error, joint exceptions, joint motions to strike out evidence, and joint causes for new trial must all be well taken as a whole, else no question is saved. Elliott's App. Proced., sections 337, 788, 789; *De Vay* v. *Dunlap*, 7 Ind. App. 690; and cases cited.

Counsel, after a diligent search, have not presented any authority to sustain their position on this proposition.

The petition is overruled.

Filed June 22, 1894.