## THE NATIONAL FIRE INSURANCE COMPANY, ETC., *v.* STREBE.

[No. 2,198.    Filed September 30, 1896.]

PLEADING.—*Action on Insurance Policy.—Complaint.*—In an action on an insurance policy an allegation that the policy was in the possession of the company, and that its agent refused to deliver it up on demand, saying that he had sent it to the company, and that the company was not liable and would never pay the holder anything, is a sufficient excuse for not setting out a copy of the policy, and for not averring that proof of loss had been made as required by the terms of the policy.

APPEAL AND ERROR.—*Interrogatories to Jury.— New Trial.*— The submission or refusal to submit interrogatories to a jury as a part of its special verdict, is a matter arising upon the trial, and unless the rulings of the trial court is made a cause for a new trial they cannot be assigned as error on appeal.

From the Tippecanoe Superior Court. *Affirmed.*

*W. C. Mitchell* and *J. M. La Rue,* for appellant.

*R. P. Davidson* and *Thompson & Storms,* for appellee.

LOTZ, J.—The appellee brought suit against appellant on a fire insurance policy. Issue was joined. Trial by a jury and a special verdict returned, on which the court rendered judgment for the appellee.

The first assignment of error calls in question the sufficiency of the complaint.

No copy of the policy is filed with the complaint, but it was alleged that the policy was in the possession of the company, and that its agent refused to deliver it up on demand, saying that he had sent it to the company and that the company was not liable and that it would never pay her any part of it.

This is a sufficient excuse for not setting out a copy of the policy. *Walter A. Wood, etc., Co.* v. *Irons,* 10 Ind. App. 454. It is also a sufficient excuse for not aver-

ring the making of the proof of loss as required by the terms of the policy. *Continental Ins. Co* v. *Chew,* 11 Ind. App. 330.

The second, third, and fourth assignments of error are as follows:

"2. The court below erred in striking out and refusing to submit to the jury interrogatories 14, 15 and 16 asked by the appellant.

"3. The court below erred in submitting to the jury interrogatories 9 and 10 asked by the appellee.

"4. The court below erred in submitting to the jury over appellant's objection interrogatories 25, 26 and 27 asked by the appellee."

The rulings on the objection and the submission of these interrogatories occurred on the trial of the cause and they should have been made cause for a new trial and can not be separately assigned as error in this court. The general rule is that all rulings which are connected with the trial proper, and which can be corrected if erroneous by granting a new trial, must be made a cause for a new trial, and cannot be independently assigned as error on appeal. Elliott's App. Proced., section 350.

All rulings which properly pertain to the determination of the issues of fact and which arise during the trial thereof must be presented to the trial court by the motion for a new trial. Unless the trial court is given an opportunity to correct such rulings the error is waived. The submission or refusal to submit interrogatories to a jury as a part of its special verdict is a matter arising upon the trial of the cause.

The rulings complained of were not made causes for a new trial. No question on the rulings are properly presented to this court.

The fifth error assigned in the overruling of the appellant's motion for judgment on the special verdict.

The verdict contains some unnecessary matters; but disregarding these, the findings clearly entitle the appellee to the judgment rendered in her favor. There was therefore no error in overruling the appellant's motion for judgment.

It is lastly contended that the court erred in overruling the appellant's motion for a new trial.

It is insisted that the verdict and findings are contrary to the evidence and law. A consideration of the evidence shows that it is conflicting on many essential points. This court is not authorized to disturb the verdict under such circumstances.

It appears from the evidence that the appellant had insured the building for the appellee for a number of years and that its agents had issued the policy and given her time in which to pay the premiums. The premium had been paid from time to time by the appellee to appellant's agents and receipts were issued for such payments. The appellee was permitted over appellant's objection to read some of these receipts in evidence. We think there was no error in this as this evidence tended to show the manner in which the business was transacted between the parties.

We find no reversible error in the record.

Judgment affirmed.