## GOBEN *v.* HOME BUILDING, LOAN FUND & SAVINGS ASSOCIATION ET AL.

[No. 6,106.   Filed January 29, 1908.]

1. PLEADING.—*Complaint.—Sufficiency Upon Default.—Mortgages. —Foreclosure.—Building and Loan Associations.*—A complaint by a building and loan association for the foreclosure of a mortgage, alleging that defendant duly executed to it the mortgage sued upon, a copy being filed and made part of the complaint, as security for a note duly executed and set out; that said note was due and unpaid; that stock payments and fines had been due more than three months, and that by the terms of the mortgage a failure to pay either dues or fines for such time should cause the entire sum to become due, states a cause of action. p. 136.

2. SAME. — *Complaint. — Exhibits. — Foreclosure. — Building and Loan Associations.*—Where the by-laws of a building and loan association are not made part of the note or mortgage in suit, but are only incidentally referred to, they are not necessary nor proper exhibits to the complaint in foreclosure. p. 137.

From Montgomery Circuit Court; *Jere West*, Judge.

Suit by Susan Goben against the Home Building, Loan Fund & Savings Association and another. From a decree against plaintiff, she appeals. *Affirmed.*

*H. D. VanCleave* and *S. C. Kennedy,* for appellant.

*Albert D. Thomas, Michael E. Foley* and *John Harrigan,* for appellee association.

WATSON, J.—This was a suit by appellant, Susan Goben, against appellees, the Home Building, Loan Fund & Savings Association and George M. Goben, to review a certain decree rendered, by default, on September 20, 1904, in the Mont-

gomery Circuit Court, against said Susan Goben and appellee George M. Goben, in favor of said Home Building, Loan Fund & Savings Association, for the balance due on a note, and the foreclosure of a mortgage securing the same, executed by said Susan Goben and George M. Goben to said association.

The complaint is in a single paragraph, and sets out in full the original complaint, including the note and mortgage, summons and return thereon, and all proceedings had in said cause, including the decree rendered by said court.

Appellee association filed its separate demurrer to the complaint, and appellee George M. Goben filed his separate answer disclaiming any interest in the real estate described in said complaint. The court sustained said demurrer, to which ruling appellant excepted. There was a decree against appellant, that she take nothing by this suit and a judgment for costs. There was also a finding against appellee George M. Goben, sustaining the complaint, and decreeing that he had no interest in the real estate described therein.

The error assigned in this court is that the court below erred in sustaining the separate demurrer to the complaint of said association.

Appellant contends that the complaint upon the note and the foreclosure of the mortgage upon which judgment was rendered against the defendants in said suit was in-

1.  sufficient upon default. The complaint averred the due organization of said association under the laws of Indiana; ''that the defendants on December 7, 1903, executed a mortgage conveying to said plaintiff a tract of land in Montgomery county, Indiana, described as follows, to wit: * * * as security for the payment of a debt evidenced by the note dated December 7, 1903, which said note is for the sum of $1,400, * * * which note is due and remains unpaid; that there are weekly dues due and unpaid on seven shares of stock, mentioned in said mortgage, held by the mortgagor, George M. Goben, of $30.38; that there are fines

on said shares due and unpaid amounting to $9.80; that said dues and fines have been due and unpaid for a period of three months last past." A copy of said note, marked exhibit A, and a copy of said mortgage, marked exhibit B, were filed with said complaint and made a part thereof. The note provided that in the event of a failure to pay interest or weekly dues when due the principal and interest due on said note should become due. The mortgage provided that whenever the weekly dues or the interest on said note were unpaid for a period of three months from the time they respectively became due, the principal sum, together with the interest thereon, should become due.

Section 343 Burns 1908, §338 R. S. 1881, provides as follows: "Second. A statement of the facts constituting the cause of action, in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended."

The complaint in the foreclosure suit is not a model one, but the averments are in such terms and couched in language that a person of common understanding would know what was intended thereby. The complaint substantially complied with the statute. *Shipler* v. *Isenhower* (1866), 27 Ind. 36; *Johnson* v. *Kilgore* (1872), 39 Ind. 147.

2. It is also contended that the by-laws of the association should have been made a part of the complaint in the foreclosure proceedings.

The by-laws were not made part of either the note or the mortgage. There was only an incidental reference thereto, and hence they were no part of the contract, and were therefore not a necessary nor proper exhibit to the complaint. *Anderson Bldg., etc., Assn.* v. *Thompson* (1882), 88 Ind. 405; *Cassaday* v. *American Ins. Co.* (1880), 72 Ind. 95; *Continental Life Ins. Co.* v. *Kessler* (1882), 84 Ind. 310; *Borchus* v. *Huntington Bldg., etc., Assn.* (1884), 97 Ind. 180; *Newman* v. *Ligonier Bldg., etc., Assn.* (1884), 97 Ind. 295;

*Walter A. Wood, etc., Mach. Co.* v. *Irons* (1894), 10 Ind. App. 454; *Williams* v. *Markland* (1896), 15 Ind. App. 669.

One of the conditions of the note was that in default of payment of either the dues on the stock subscribed for by the mortgagor or of the interest on said note when due, the note should become due at once. This promise to pay is made by the very terms of the note itself.

No error was committed by the trial court in sustaining the demurrer of the appellee Home Building, Loan Fund & Savings Association.

Judgment affirmed.