PRUDENTIAL INSURANCE COMPANY OF AMERICA *v.*
DIFFENBAUGH, ADMINISTRATOR, ET AL.

[No. 9,545.   Filed December 17, 1918.]

1.   PLEADING.—*Complaint.—Sufficiency as to Coplaintiffs.*—A complaint which does not state a good cause of action as to all, though it does as to some, of the plaintiffs is bad as to all for want of sufficient facts to constitute a cause of action. p. 702.

2.   PLEADING.—*Demurrer to Complaint.—Scope of Review.*—In an action on a life insurance policy by insured's son in his individual capacity and as administrator, where the first paragraph of complaint alleged that the son in his personal capacity was the sole beneficiary, and the second averred that both plaintiffs were cobeneficiaries, and entitled to maintain a joint action, a

demurrer to the second paragraph required a consideration of it alone, and, such paragraph being sufficient, the allegation of the first paragraph did not, as to the demurrer, render the complaint insufficient as not stating a cause of action as to all plaintiffs. p. 703.

3. PLEADING.—*Complaint.—Stating Alternative Cause of Action.—* In an action on a life policy by insured's son in his individual capacity and as executor, an allegation in a paragraph .of complaint that the son "and the executor and administrator of said estate were named as beneficiaries" is not subject to the objection that it attempts to state an alternative cause of action.  p. 703.

4. INSURANCE.—*Life Insurance.—Action on Policy.—Failure to Make Policy Part of Complaint.—Statute.—*In an action on a policy of life insurance, an averment in the complaint that after insured's death the insurer procured possession of the policy and refused to deliver it to plaintiff and for that reason it was not set out in the complaint, shows sufficient excuse for failure to comply with §368 Burns 1914, §362 R. S. 1881, requiring that when any pleading is founded on a written instrument or account, the original, or a copy thereof, must be filed with the pleading. p. 704.

5. APPEAL.—*Presenting Questions for Review.—Transcript of Proceedings.—*Where appellant fails to present a definite and accurate transcript of the proceedings below showing which of conflicting record entries correctly represented the action of the trial court on a demurrer to a paragraph of reply, no question is presented for review as to the ruling on the demurrer.  p. 704.

6. APPEAL.—*Presenting Questions for Review.—Objection to Evidence.—*An objection to the admission of evidence that it is irrelevant, incompetent and immaterial, and does not tend to support any of the issues in the case presents no question for review on appeal.  p. 706.

7. INSURANCE.—*Life Insurance.—Action on Policy.—Evidence.— Copy of Policy.—*In an action on a life policy, where the copy of the policy offered in evidence by plaintiff was admitted by defendant insurer in its affirmative answer to be a true copy of the policy sued on, the admission of the copy in evidence was proper and pertinent as. tending to prove the cause of action.  p. 706.

8. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.—* In an action on a life policy, where defendant insurer contended that the designated beneficiaries were the executor or administrator of insured's estate and the jury found in accordance with such contention, the admission in evidence for plaintiff, insured's son and executor, who claimed that he was personally the beneficiary, of a copy of the policy in which a beneficiary was not named, was harmless.  p. 707.

9. EVIDENCE.—*Opinion.*—*Health of Insured.*—*Nonexpert Witness.*—In an action on a life insurance policy, it was proper to permit nonexpert witnesses to give their impressions as to the state of health of insured at the time the policy in suit was issued. p. 707.

10. APPEAL.—*Review.*—*Conflicting Evidence.*—The court on appeal will not weigh conflicting evidence. p. 708.

11. INSURANCE.—*Life Insurance.*—*Misrepresentation in Application.*—*Effect.*—A false answer in a written application for life insurance made in response to an inquiry concerning other insurance on the life of applicant is a material misrepresentation which will ordinarily avoid the policy. p. 708.

12. INSURANCE.—*Life Insurance.*—*Agent's Misrepresentations to Company.*—*Estoppel.*—Where an applicant for life insurance informed the insurer's agent that she had other insurance, but he misrepresented to the insurer by the answers he wrote into the application that applicant had no other insurance, the insurer is estopped after insured's death from contesting the validity of the policy on the ground that she had falsely represented that she had no other insurance. p. 708.

13. APPEAL.—*Briefs.*—*Waiver of Error.*—Specifications in a motion for a new trial are waived by appellant's failure to refer thereto in the statement of points and authorities in its brief. p. 709.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by Louis A. Diffenbaugh, administrator of the estate of Sarah M. Diffenbaugh, deceased, and others, against the Prudential Insurance Company of America. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Lesh & Lesh* and *Breen & Morris,* for appellant.
*Bowers & Feightner,* for appellees.

HOTTEL, J.—This action was instituted by appellee Louis A. Diffenbaugh, in his individual capacity, to recover on a policy of life insurance issued by appellant on the life of Sarah M. Diffenbaugh, mother of the plaintiff. The original complaint was in one paragraph and contained the usual allegations in cases of

this character, showing the execution of the policy contract, the death of the insured, the compliance with all provisions of the policy by the insured during her lifetime and by plaintiff after her death, and the refusal on the part of appellant to pay the claim. The insurance policy, however, is not copied into or otherwise made a part of the pleading, and explanation is made therefor in the averment: "That after the death of the said Sarah M. Diffenbaugh the said defendant procured possession of said policy of life insurance and refuses to redeliver the same to this plaintiff and for that reason the plaintiff herein cannot set out a copy of said policy of life insurance as a part of this complaint, nor allege the payments thereof with minute particularity." It is also alleged generally "that this plaintiff is the one and only beneficiary named in the said policy of insurance."

Subsequently, on motion of the original plaintiff, Louis A. Diffenbaugh, administrator of the estate of Sarah M. Diffenbaugh, was made a coplaintiff, over the objection of appellant, and a second paragraph of complaint was filed, in which the appointment and qualification of Louis A. Diffenbaugh as administrator of his mother's estate is shown and the allegation made "that the said Louis A. Diffenbaugh and the executor and administrator of the said estate were named as beneficiaries in said policy of insurance." In other respects the second paragraph of complaint is substantially a repetition of the first paragraph.

A demurrer to the first paragraph of complaint was overruled before the second paragraph was filed, and no question is presented with reference thereto. Appellant demurred to the scond paragraph of complaint on the grounds: (1) That

the pleading shows a defect of parties plaintiff; and (2) that it does not sufficiently allege a cause of action. The first objection is also presented under the second ground of demurrer, and apparently rests on the fact that the first and second paragraphs of complaint differ as to their designation of the beneficiary named in the insurance contract. There can be no doubt "that a complaint which does not state a good cause of action as to all, though it does as to some of the plaintiffs, is bad as to all, for want of sufficient facts to constitute a cause of action." *McIntosh* v. *Zaring* (1897), 150 Ind. 301, 313, 49 N. E. 164, 168, and decisions there collected. In the present case, however, the second paragraph of complaint expressly alleges that the two plaintiffs therein named are cobeneficiaries under the insurance contract, and are thus entitled to maintain a joint action. This averment is clearly at variance with the allegation in the first paragraph that Louis A. Diffenbaugh in his personal capacity is the sole beneficiary, and this circumstance gives rise to a condition which is unusual as applied to various paragraphs of a complaint. For the purposes of a demurrer, however, only that paragraph of a pleading is to be considered which is made the direct object of attack, and, in this instance, appellees' second paragraph of complaint, standing alone, is clearly sufficient as against the objection now under consideration. Counsel's further assertion that this paragraph attempts to state an alternative cause of action is not supported by the language of the pleading, which expressly alleges that the policy is payable to Louis A. Diffenbaugh *and* the executor or administrator of the insured's estate.

The only remaining objection to the complaint which is discussed in appellant's brief is based on the statutory rule that: "When any pleading is founded on a written instrument or on account, the original, or a copy thereof, must be filed with the pleading." §368 Burns 1914, §362 R. S. 1881. We are unable to agree with appellant's contention that the complaint fails to show a sufficient reason for the failure to comply with the above provision, since it has been expressly held that a copy of an instrument in possession of the adverse party need not be filed, especially where a demand for such instrument, or a true copy thereof, has been made and refused. *Keesling* v. *Watson* (1883), 91 Ind. 578, 580; *National Fire Ins. Co.* v. *Strebe* (1896), 16 Ind. App. 110, 44 N. E. 768; *Walter A. Wood, etc., Machine Co.* v. *Irons* (1894), 10 Ind. App. 454, 455, 36 N. E. 862, 37 N. E. 1046.

Appellant presented its defense in six paragraphs of answer and, to the sixth paragraph thereof, appellees filed four paragraphs of reply. Appellant then challenged the sufficiency of the second, third and fourth paragraphs of reply by demurrer, and now asserts that the trial court erred in overruling that demurrer as to the third paragraph of the reply. The record recites that: "The Court, being fully advised in the premises, overrules said demurrer to the 2nd and 3rd paragraphs of the reply to the 6 paragraphs of answer, to which the defendant at the time excepts as to the ruling on each and the Court sustains the demurrer to the 3rd paragraph of said reply, to which said plaintiff at the time excepts." No ruling on the demurrer to the fourth paragraph of reply is shown, and it is impos-

sible to determine which of the conflicting entries as to the demurrer to the third paragraph correctly represents the action of the trial court thereon. Appellant's failure in this particular to present a definite and accurate transcript of the proceedings below leaves no question before this court as to the ruling in issue. *Rowan* v. *State* (1916), 184 Ind. 399, 403, 111 N. E. 431; *Weideroder* v. *Mace* (1916), 184 Ind. 242, 247, 111 N. E. 5.

In this connection, we might add that an examination of the record discloses an absence of any evidence which has a bearing on the issues presented by appellees' third paragraph of reply, and that fact tends to support the contention here made by appellees, and not disputed by appellant, that the trial court actually sustained the demurrer to the above pleading.

In support of its contention that the circuit court should have sustained its motion for a new trial, appellant first challenges certain rulings which relate to the admission of evidence. In its statement of the record, under the heading of "Erroneous Rulings on the Evidence," appellant sets out, as a part of the direct examination of Louis A. Diffenbaugh, the following question: "Was the policy Mr. Miller (appellant's agent) carried away with him after the death of your mother just the same as the paper marked Exhibit A, outside of the fact that that one was payable to you as beneficiary?" An objection to this question was overruled and the witness answered: "Yes, sir." The brief then recites that appellees offered in evidence a purported but modified copy of the policy in question, to which appellant objected for the reason that it was not identified and was only

claimed to be a similar document and not identical, which objection was overruled and the evidence admitted. In appellant's "Points and Authorities," under the heading of "Errors in the Admission of Evidence," is the following: "It is not competent to prove the contents of an instrument which forms the basis of an action by the introduction of another instrument which is admitted to be different from the instrument in suit and it was error to permit the plaintiffs to offer in evidence a policy which was not claimed to be the policy in suit and it was not claimed to be identical with the policy in suit."

We assume that this point is intended to be directed to the admission of the policy above referred to, but an examination of the record discloses that the policy actually offered was "the paper marked Ex. A," and that the objection thereto was in the following form: "That the witness has not properly identified the paper marked 'Ex. A'; and for the further reason that *it is irrelevant, incompetent and immaterial, and does not tend to support any of the issues in the cause.*" That portion of the above objection which we have italicized presents no question for appellate review. *City of Michigan City* v. *Werner* (1917), 186 Ind. 149, 114 N. E. 636, 639; *Davis* v. *Cox* (1912), 178 Ind. 486, 493, 99 N. E. 803; *Metzger* v. *Franklin Bank* (1889), 119 Ind. 359, 361, 21 N. E. 973.

However, if appellant should be given the benefit of this objection in its entirety, the ruling would show no error. Exhibit A is, in fact, a copy of the policy filed by appellant with its several paragraphs of affirmative answer in which it admits

the issuance of such a policy on the life of Sarah Diffenbaugh. It appears, therefore, that the copy of the policy actually offered in evidence was admitted by appellant to be the true copy, and its admission was proper and pertinent as tending to prove the cause of action in favor of the administrator. It follows that the only ruling of which appellant could complain relates to the admission of evidence which tended to dispute or contradict Exhibit A, and no such ruling is here presented. In any event, 8. the real controversy in this connection related to the beneficiary named in the policy, appellant claiming that the designated beneficiaries were the executor or administrator of the estate of the insured, while appellee Diffenbaugh asserted that he was the true beneficiary. On this issue the jury, both by its answers to interrogatories and its general verdict, found in accordance with appellant's contention, and the admission of said evidence was, at most, harmless error.

Three of appellees' witnesses were permitted to give their impressions as to the state of health of the insured at the time the policy in suit was is- 9. sued, and objection is made to this evidence on the ground that a nonexpert witness is incompetent to express an opinion as to the condition of health of another. This contention is not sustained by the authorities. *Louisville, etc., R. Co.* v. *Wood* (1888), 113 Ind. 544, 551, 14 N. E. 572, 16 N. E. 197; *Carthage Turnpike Co.* v. *Andrews* (1885), 102 Ind. 138, 142, 1 N. E. 364, 52 Am. Rep. 653.

Finally, it is urged that the evidence does not sustain the verdict of the jury, in that it shows: (1) That

the insured was not in sound health when the policy was issued; and (2) that she then had other insurance in force on her life, contrary to her express representations in the application for the contract in suit. The first ground of this contention may be disposed of through an invocation of the rule that an appellate tribunal will not weigh conflicting evidence. *Portland, etc., Mach. Co.* v. *Gibson* (1916), 184 Ind. 342, 346, 111 N. E. 184. Relative to the second ground, it may be conceded that a false answer in a written application for life insurance, made in response to an inquiry concerning other insurance on the life of an applicant, is a material misrepresentation and will ordinarily avoid the policy. *Germania Life Ins. Co.* v. *Lunkenheimer* (1891), 127 Ind. 536, 538, 26 N. E. 1082; *March* v. *Metropolitan Life Ins. Co.* (1898), 186 Pa. St. 629, 642, 40 Atl. 1100, 65 Am. St. 887.

Under the issues tendered by appellees' second paragraph of reply, however, proof was received, and largely without objection, which tended to show that the insured made truthful disclosures concerning other insurance on her life, and that the alleged false statements relied on by appellant were, in reality, the statements of its agent who wrote the application, and not those of the insured. That fact, which we must now consider as established by the verdict of the jury. serves to estop appellant from contesting the validity of the policy on the ground stated. *Germania Life Ins. Co.* v. *Lunkenheimer, supra,* 542; *Federal Life Ins. Co.* v. *Whitehead* (1918), (Okl.) 174 Pac. 784, 792.

13. The remaining specifications in appellant's motion for a new trial are waived by its failure to refer thereto in its statement of points and authorities.

No error appearing, the judgment of the circuit court is affirmed.

NOTE.—Reported in 121 N. E. 301.