E. I. Dupont Powder Co. *v.* Pennsylvania, etc., Co.—69 Ind. App. 320.

negligence of the appellant, as stated in argument by the appellant, still such error is harmless for the reason that the uncontradicted evidence in this case shows that the appellant had violated the statutory duty in not keeping the cogs guarded, and in so doing it was guilty of negligence *per se.* Further, if 11. such instructions erroneously state that it had been admitted that the appellant was a corporation, still such erroneous statement would be harmless for the reason that the statute (§371 Burns 1914, §365 R. S. 1881) requires no proof as to the capacity in which the party sues or is sued, unless such capacity is denied by the pleading under oath or by affidavit filed therewith.

Having hereinbefore held that the duty to guard the cogs was a statutory duty incumbent upon the appellant, of which responsibility it could not relieve itself by delegating such duty, under such holding we conclude that appellant's instructions Nos. 13, 14 and 15 were properly refused.

We find no error in the record. Judgment affirmed.

---

E. I. Dupont Powder Company *v.* Pennsylvania and Indiana Coal Company.

[No. 9,680. Filed January 31, 1919.]

Attachment.—*Creditors.*—*Filing Claims.*—*Laches.*—*Statute.*—Under §978 Burns 1914, §943 R. S. 1881, providing that any creditor of defendant, upon filing his affidavit and written undertaking, as required by the attaching creditor, may, at any time before final judgment, make himself a party and file his claim, judgment creditors of defendant had the right to come in, and file under an attachment suit, where final judgment had not been rendered, though

they delayed filing under the attachment proceedings until after plaintiff had appealed from the original judgment therein, obtained a reversal and the cause was redocketed in the lower court.

From Greene Circuit Court; *Theodore E. Slinkard,* Judge.

Action by the E. I. Dupont Powder Company against the Pennsylvania and Indiana Coal Company. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*Slinkard & Vosloh,* for appellant.
*Davis & Davis,* for appellees.

ENLOE, J.—The facts necessary to an understanding of this case, and the errors assigned, upon which a reversal is sought, may be briefly stated as follows: This action was begun by attachment, by appellant, against the Pennsylvania and Indiana Coal Company on October 10, 1906, and such proceedings were thereafter had therein that appellant recovered a judgment against said coal company, but from said judgment it appealed to this court, and obtained a reversal of said judgment. *E. I. Dupont Co. v. Pennsylvania, etc., Coal Co.* (1911), 48 Ind. App. 538, 96 N. E. 204.

The appellees, other than the Pennsylvania and Indiana Coal Company, had theretofore brought suits in the Greene Circuit Court, against the Pennsylvania and Indiana Coal Company, and obtained judgments in their favor therein, in December, 1906.

After this cause was redocketed in the Greene Circuit Court, after the same had been reversed, the several appellees above named, who had so obtained judgments, filed their several complaints, based on their said several judgments, and bonds in the Greene Circuit Court, "filing under" the attachment proceed-

ings theretofore begun in said court by said appellant. The appellant then filed its several motions, to strike each of said several claims from the files, which motions were severally overruled, and exceptions taken thereto.

Answers to said complaints were then filed by appellant, also certain interrogatories, to be answered by said several plaintiffs so "filing under," but upon motion the court struck out interrogatories Nos. 1 and 2, to which the appellant objected and excepted.

Trial was then had before the court, and judg-. ment was rendered in favor of each of the foregoing named appellees, so "filing under." Property attached was ordered sold, and proceeds, after paying costs, ordered prorated among all of said creditors, to which the appellant excepted.

Appellant then moved to modify said judgments, and also to strike out each of them, which motions were also overruled, and exceptions taken, also its motion for a new trial, which was overruled, and exception taken, and upon this record errors have been duly assigned in this court.

In its brief appellant says that it relies upon the following assigned errors for reversal, viz.:  (1) The lower court erred in sustaining motion of Schmitz, McAdam and Junk to strike out interrogatories numbered one and two submitted by appellant.  (2) The court erred in overruling appellant's motion to modify the judgment by striking out each judgment in favor of the plaintiffs filing under, and each judgment except the judgment of the plaintiff, E. I. Dupont Company.  (3) The court erred in overruling appellant's motion to modify the judgment herein by declaring appellant's judgment senior and supe-

rior to the judgments of the plaintiffs filing under, and each of them filing under. (4) The court erred in overruling appellant's motion for a new trial.

Under "Points and Authorities" in its brief appellant makes three points, as follows, viz.:

I. "The trial court should have sustained motion to modify judgment by striking out judgments for all appellees, or by declaring appellant's judgment senior and superior to the judgments of appellees, for the reason that said appellees, as shown by their affidavits filing under, and by the evidence, had been guilty of laches to such an extent in prosecuting their claims as to bar their right to prosecute in less time than that fixed by the statute of limitations."

II. "The trial court erred in overruling appellant's objection to the introduction of the records of the Greene Circuit Court showing judgments in favor of appellees as against Pennsylvania and Indiana Coal Company, for the reason, as we contend, that said records on their face showed appellees guilty of laches in prosecuting their claims."

III. "In the management of a case the parties are bound to use such a degree of diligence as is requisite in the ordinary business of life."

These are the only points made, and all others are thereby waived.

These points all center around one proposition, viz.: The right of the several appellees who were judgment creditors of appellee Pennsylvania and Indiana Coal Company to come in and "file under," in this proceeding, at the time they did so come in and file under.

Appellant in its brief says: "We base our contentions upon the fact that said appellees were guilty of

laches of the grossest sort in prosecuting their claims; and that such laches was of the kind and character as to bar their right to prosecute at the time they commenced their proceedings filing under.''

The statute governing the right to ''file under'' in such cases is §978 Burns 1914, §943 R. S. 1881, and reads as follows: ''Any creditor of the defendant, upon filing his affidavit and written undertaking, as hereinbefore required of the attaching creditor, may, at any time before the final judgment in the suit, make himself a party to the action, file his complaint, and prove his claim or demand against the defendant; and may have any person summoned as garnishee, or held to bail, who has not before been summoned or held to bail; and propound interrogatories to the garnishee, and enforce answers thereto, in like manner, as the creditor who is plaintiff.''

This section expressly says that any creditor of the defendant may, *at any time before the final judgment in the suit,* make himself a party to the action, etc.

There being but one limitation stated in the statute, we have no power to add others. These several appellees under the statute had a right to come in, and ''file under'' at the time they did, final judgment not having been rendered.

The judgment of the Greene Circuit Court is therefore affirmed.