EIKMAN *v.* EIKMAN.

[No. 11,359.   Filed November 15, 1922.]

1. APPEAL.—*Briefs.—Waiver of Error.*—Grounds of a motion for a new trial are waived where appellant fails to present them in the propositions or points in his brief. p. 656.

2. APPEAL.—*Review.—Harmless Error.—Instructions.*—Error, if any, in an instruction as to the amount of recovery will be deemed harmless, where appellant fails to challenge the sufficiency of the evidence to sustain the verdict. p. 656.

From Shelby Circuit Court; *Alonzo Blair,* Judge.

Action by August H. Eikman against Edward C. Eikman. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Edward C. Eikman* and *James M. Berryhill,* for appellant.

*Meeks & Hack* and *Jackson & Hinchman,* for appellee.

ENLOE, J.—This was an action by the appellee against the appellant based upon a complaint in two paragraphs: The first being upon a promissory note and asking for judgment in the sum of $850; and the second for work and labor performed and materials furnished. Upon this paragraph judgment for $95 was demanded. This complaint was answered in three paragraphs: The first being a general denial; the second, payment; and the third an answer of set-off. To these answers there was a reply first in general denial; and, second, that the matters set up in the answer of set-off had been paid. The issues thus formed were submitted to a jury for trial. Their verdict was for the sum of $850 in favor of appellee. The appellant seasonably filed his motion for a new trial, which being overruled and judgment having been rendered upon said verdict he now prosecutes this appeal.

In his motion for a new trial appellant urged as reasons therefor: (a) That the verdict was not sustained by sufficient evidence; (b) that the verdict was contrary to law; (c) error in assessment of amount of recovery, the same being too large; (d) error of the court severally in giving certain specified instructions; (e) and (f) misconduct of counsel for appellee in certain specified particulars. The error assigned and relied upon is the action of the court in overruling said motion for a new trial.

The appellant in his brief filed herein has attempted

to state but two propositions or points. By his first proposition he challenges the correctness of in-

1. struction No. 6 given by the court in this case, and by his supposed second proposition he insists that this court should weigh the evidence herein. Under the well-settled rules of this court and of our Supreme Court the only question presented by the motion for a new trial relates to said instruction No. 6, and all others are waived. *Roper* v. *Cannel City Oil Co.* (1918), 68 Ind. App. 637, 121 N. E. 96 and cases cited; *Prudential Ins. Co.* v. *Diffenbaugh, Admr.* (1918), 68 Ind. App. 699, 121 N. E. 301; *E. I. Dupont Powder Co.* v. *Pennsylvania, etc., Co.* (1919), 69 Ind. App. 320, 121 N. E. 680.

Instruction No. 6 complained of could only affect the amount of the recovery herein, and appellant comes be- fore this court in the attitude of one who is in-

2. sisting that an erroneous instruction was given, and then admitting that, notwithstanding the er- roneous instruction, the verdict of the jury was sus- tanied by sufficient evidence, was in harmony with the law of the case, and was not erroneous as to the amount thereof. If it be true, as appellant impliedly concedes by his failure to state any proposition or point in ref- erence thereto, that the verdict as rendered was sus- tained by the evidence, was in harmony with the law of the case, and was not erroneous as to the amount, it necessarily follows that the error of the court, if any, in giving said instruction No. 6 was harmless, and therefore did not constitute reversible error. *Chicago, etc., R. Co.* v. *Brown* (1917), 66 Ind. App. 126, 115 N. E. 368; *Pittsburgh, etc., R. Co.* v. *Macy* (1915), 59 Ind. App. 125, 107 N. E. 486, and authorities there cited.

The appellant having failed to make any point that the verdict of the jury is not sustained by sufficient evi- dence, and being therefore in the position of one who

concedes that the verdict is supported by sufficient evidence, his request that we should weigh the evidence is without any force to support it. The judgment is affirmed.