SPROW, ETC., *v.* WICKER ET AL.

[No. 12,730. Filed July 1, 1927. Rehearing denied December 8, 1927. Transfer denied March 16, 1928.]

*Charles M. McCabe, Chase Harding, W. J. Sprow, Williams & Murphy, Frank G. Davidson* and *Charles Johnston,* for appellant.

*Oliver U. Perrin,* for appellees.

NICHOLS, J.—Action by appellee Wicker against appellees Wallace and Caldwell, upon two promissory notes to said Wicker by said Wallace and Caldwell under the names and styles of "Waynetown Mill & Lumber Co.,"

by C. L. Wallace., C. L. Wallace., Robert W. Caldwell; and also upon an open account evidenced by an itemized statement in writing.

Appellee Wicker filed with his complaint an affidavit in attachment, for the attachment of certain real estate situate in Montgomery county, and a writ of attachment was issued by order of the court to the sheriff of said county, and the sheriff thereupon levied upon such real estate as the property of said Caldwell.

A trial of the issues made and joined upon the complaint and the affidavit in attachment and an answer in denial thereto, was had by the jury, and a verdict was then returned for appellee Wicker in the sum of $1,215.19, and for him upon the attachment proceeding. The jury also answered interrogatories submitted to them by the court, which answers, stated in narrative form, were to the effect that appellee Caldwell, at the time of the filing of the affidavit in attachment, owned the property described in the affidavit in attachment; that appellee Wicker, at the time of filing said affidavit in attachment, was informed and verily believed that said Caldwell and Wallace did not then have in their possession property subject to execution sufficient to pay appellee Wicker's claim, and that they did not have sufficient personal property wherewith to satisfy such claim; that at said time appellee Caldwell was about to sell, convey, or otherwise dispose of his real estate and personal property which he and said Wallace then had and held, and said Wicker was then so informed and believed that they were about to sell and dispose of their property as aforesaid, for the purpose and with the intent to cheat, hinder and delay said Caldwell's creditors, including said Wicker, from the collection of their just debts; that at said time said Caldwell and said Wallace had sold or otherwise disposed of their property subject to execution, or suffered or permitted it to be sold, with fraudulent intent

to cheat, hinder and delay their creditors and especially Wicker; and that at said time said Caldwell or Wallace was about to sell, convey or otherwise dispose of his property subject to execution with fraudulent intent to cheat, hinder and delay creditors. They also answered interrogatory No. 10 to the effect that the property described in the sheriff's return to the writ of attachment was not attached and appraised in the presence of and by a householder.

After the return of the verdict of the jury, appellee Caldwell filed his motion for a new trial in the main cause, and also on the attachment branch of the case. The court overruled the motion for a new trial on the main branch of the case at the April term, 1925. Subsequently and before ruling on the motion for new trial in the attachment branch of the case, appellant, over the objection of appellee Wicker, was substituted as party defendant in the place of appellee Caldwell in the attachment branch of the case, as the real estate levied upon and standing in the name of appellee Caldwell had been conveyed to appellant. Appellee Wicker filed his original, and, subsequently, his amended, motion for judgment and order of sale upon the verdict of the jury so returned in his favor, and that the same be rendered *nunc pro tunc* in his favor as of the day and date of the return of the verdict therein, to wit: May 21, 1925. This motion was overruled as to the prayer for a *nunc pro tunc* entry. Other creditors of Caldwell filed under said proceedings before final judgment was rendered by the court. The court, at the said January term, 1926, sustained a motion of appellee Wicker to hear additional evidence on the attachment branch of the case, and denied to appellant the right to have said issues heard and determined by a jury. After the hearing of the additional evidence in the attachment branch of the case, the court overruled the motion for a new trial by Caldwell

on the attachment branch of the case, and a judgment and order for the distribution of funds in the hands of the receiver arising from the sale of the attached property, in accordance with a decree and order theretofore made.

On appeal, the errors relied on for reversal are the court's action in overruling appellee Caldwell's motion for judgment on answers of the jury to interrogatories submitted to it by the court; in overruling his motion for a new trial on the main branch of the case, and in overruling appellant's motion for a new trial on the issues formed in the attachment proceedings. Under these assigned errors, appellant presents questions as to whether appellee was bound to show in evidence before the jury which tried the main issue, under the issues formed in the attachment proceeding, that the property sought to be attached was inventoried and appraised by the sheriff in the presence of a credible householder of the county, as to what matters in an attachment proceeding are triable by a jury where a demand is made for a jury, and as to whether the court had the right to permit appellee to introduce in evidence certain exhibits nearly a year after the verdict of the jury was returned, and in the absence of the jury, over appellant's objection. Appellant's difficulty is found in his failure to distinguish between the issues arising on his general denial of the facts set out in the affidavit in attachment, which questions are triable by the jury, and questions as to whether the property had been attached and had been duly appraised. This distinction, which should be made in this case, is clearly made in *Foster* v. *Dryfus* (1861), 16 Ind. 158, a case that is relied on by both appellant and appellee Wicker. In that case, the defendant pleaded to the main action without in any way controverting the facts alleged in the affidavit for the attachment. It was there held that the appearance of

the defendant and his pleading to the main issue without controverting the facts alleged in the affidavit for the attachment was an admission of those facts. Here, the facts alleged in the affidavit were controverted, but the jury found against appellant. Whether these facts are admitted by appellant or are found against him by the jury can make no difference.

In the Foster case, after the verdict and before judgment, the defendant moved to dismiss the attachment proceeding on the sole ground that the plaintiff had failed to give to the jury the affidavit for attachment, the several writs of attachment, with the sheriff's returns indorsed thereon, nor any evidence tending to show that the persons chosen by the several sheriffs to appraise the property attached were disinterested householders in their respective counties. Before this motion was ruled on, the plaintiff offered these instruments in evidence to the court, not to the jury. The trial court refused to receive the evidence and sustained the motion to dismiss the attachment proceeding. But the Supreme Court held that these rulings of the trial court were error, holding that whether the property had been attached, and, if so, whether it had been appraised with the assistance of a disinterested and credible householder of the proper county, were questions for the decision of the court, in determining whether an ordinary judgment only should be rendered for the plaintiff, or whether the attached property should be ordered sold. The question there decided was identical with the question here presented. The papers offered in evidence to the court, after the verdict of the jury had been returned, and in the absence of the jury, were properly admitted by the court, inasmuch as they had to do with the question as to whether there had been proper service of the attachment writ. Interrogatory No. 10 mentioned above, and which was answered by the

jury in the negative, was not a proper interrogatory for the jury, the question presented by it being for the court, and the jury's answer thereto was mere surplusage. The court did not err in receiving in evidence the papers offered. Bearing upon the question here involved, see *Excelsior Fork Co.* v. *Lukens* (1871), 38 Ind. 438; *McCollem* v. *White* (1864), 23 Ind. 43.

With the writ of attachment, together with the return of the sheriffs thereon before the court, it clearly appears in such return that the property was duly attached and appraised in the presence of a disinterested and credible householder of the county.

Appellee Wicker assigns as cross-error that the court erred in overruling his petition to dismiss the respective claims of the several underfiling creditors in said cause, and in refusing to vacate and set aside the proceeding in attachment as to such underfiling creditors. There is no merit in this contention. The statute, §1014 Burns 1926, expressly provides that any creditor, upon filing his affidavit and written undertaking, as required of the original attaching creditor, may, at any time before the final judgment in the suit, make himself a party to the action, file his complaint, and prove his claim or demand against the defendant. This statute was construed favorable to the underfiling creditors' contention in *E. I. Dupont Powder Co.* v. *Penn. etc., Co.* (1919), 69 Ind. App. 320.

We find no reversible error.

Judgment affirmed.

Dausman, J., absent.